Argued 13 April; decided 20 June, 1898.

## TOWNS v. KLAMATH COUNTY.

[53 Pac. 604]

1. Road of Public Easement—Sufficiency of Description.— A petition for the location of a private road, under sections 4075 to 4079, inclusive, of Hill's Ann. Laws, need not contain any statements except those provided in said sections—the termini need not be described: *Woodruff* v. *Douglas County*, 17 Or. 314 distinguished.

2. Idem.—The location of a road of public easement laid out under Hill's Ann. Laws, §§ 4075–4979, is described with sufficient accuracy to enable persons inter-

| 33 | 225 |
| f33 | 262 |
| 33 | 225 |
| 37 | 373 |
| 37 | 375 |
| 38 | 417 |
| 33 | 225 |
| 46 | 549 |
| 33 | 225 |
| 48 | 483 |
| 48 | 618 |

ested to locate it with reasonable certainty, where the petition states its beginning to be at a point near the barn of the petitioner and thence along the present traveled road to an intersection with another road named.

3. Waiver of Service of Process by General Appearance.*— One who appeared in the county court and contested upon the merits a proceeding to locate a public road cannot thereafter complain that there was no sufficient service of a copy of the order appointing viewers.

4. Presumption of Regularity — Road Proceedings.— After a county court has acquired jurisdiction in a proceeding for locating a public road the same presumptions prevail regarding its proceedings as would prevail concerning courts of general jurisdiction. Therefore it will be presumed on appeal that persons appointed as viewers of a proposed road were "disinterested freeholders" as required by statute, when the contrary is not shown: *North Pacific Terminal Co.* v. *City of Portland*, 14 Or. 24, distinguished.

5. Constitutionality of Road Condemnation Proceedings. — In considering statutes providing for taking private property for roads, the test of constitutionality is the use to which the road will be subject — if it is open for the public to use, the statute is valid, but it is otherwise if it is for the exclusive use of the petitioner.

6. Constitutional Law — Notice.—The constitutional rights of a non-consenting landowner are not infringed because he has no prior notice of an intended application for the laying out of a public road, but it is sufficient if he has subsequent notice and is afforded an opportunity at some stage of the proceedings to be heard on the question of compensation for his land sought to be appropriated. *Branson* v. *Gee*, 25 Or. 462, cited.

From Klamath :    W. C. Hale, Judge.

Writ by Mary E. Towns to review certain proceedings. The circuit court having dismissed the writ, petitioner appealed again.

Affirmed.

For appellants there was a brief over the names of *J. W. Hamaker* and *Hiram F. Murdoch*, with an oral argument by *Mr. Hamaker*.

For respondent there was a brief over the names of *J. A. Jeffrey* and *G. W. White*.

Mr. Justice Bean delivered the opinion.

* Note.— Other cases applying this rule are *Belknap* v. *Charlton*, 25 Or. 41, and *Mayer* v. *Mayer*, 27 Or. 133.— Reporter.

This is a writ of review to test the validity of the order and judgment of the County Court of Klamath County in the matter of the location of a road of public easement over and across the land of Mary E. Towns and comes here on an appeal from an order of the court below dismissing the writ, and affirming the proceedings of the county court. The proceedings in question were taken, and the road located, under an act of the legislature entitled "An act to create roads of public easement," approved October 20, 1876, and which constituted sections 4075 to 4079, inclusive, of Hill's Annotated Laws. By the first section of the act it is provided that "whenever it shall appear to the county court of any county in this state, by the sworn petition of any person, that the residence of such person is not reached by any convenient public road heretofore provided for by law, and that it is necessary that the public and such person shall have ingress to and egress from the residence of such person, the county court shall thereupon appoint three disinterested freeholders of the county as viewers, and cause an order to be issued directing them to meet at a time therein specified, and not less than ten days from the making of such order, and view out and locate a county road, thirty feet in width, from the residence of such person to some other public road or navigable stream, according to the application, and to assess damages to be sustained thereby, a copy of which order shall be served upon the persons through whose land said road shall pass, within four days after the making of such order." Section 2 requires the viewers to meet upon the day designated in the order, and proceed "to locate and mark out a public road from some certain point on the premises of the applicant to some certain point upon another public road or navigable stream, so as to do the least damage to the land through which such road is located, and shall assess the damages sus-

tained by the person or persons owning such lands.'' Section 3 requires the viewers to make their report at the next regular term of the county court, and provides that ''if the county court is satisfied that such report is just, and after payment by the petitioner of the costs of locating such road and the damages assessed by the viewers, the court shall order such report to be confirmed, and declare such road to be a public road, and the same shall be recorded as such ; and any person aggrieved by the assessment may appeal, within twenty days after the confirmation of such report, to the circuit court.''   Section 4 provides for the punishment of persons obstructing a road so located, or refusing to allow the same to be opened.   And section 5 declares that ''such public roads shall be called roads of public easement, and shall be opened and kept passable by the person applying for the same.''   Several objections are made to the proceedings of the county court in the matter of the location of the road in question, which we shall consider in their proper order.

1. It is first claimed that the court was without jurisdiction, because the petition for the location of the road does not describe the termini thereof with certainty.   As described in the petition, the route of the proposed road is as follows :   ''Commencing about one hundred feet north of the barn near the residence of the petitioner ; thence, running in a northerly direction, following the present traveled road around the point of the hill ; thence, in a southeasterly and easterly direction, along the present traveled road as near as practicable, to a connection with the Fort Klamath and Linkville public road, at a point about ten miles from Klamath Falls, and near a large pine tree marked with a cross on the north side.''   The contention for the plaintiff is that, al-

though the petition describes by legal subdivisions the land owned by the petitioner, it is not possible to determine from the description of the route of the proposed road, with any degree of certainty, either the beginning or ending points thereof, and hence the petition is insufficient to give the court jurisdiction of the subject matter. Assuming counsel's construction of the language of the petition to be correct, the vice in his argument lies in attempting to apply to petitions for the location of roads of public easement under the act of 1876 the same technical accuracy in regard to the description of the route of the proposed road as is required in petitions for the location of a county road under the general laws of the state, the statutory requirements in the two cases being essentially different. In the matter of the location of a county road, the statute provides that the petition must "specify the place of beginning, the intermediate points, if any, and the place of termination of said road" (Hill's Ann. Laws, § 4062); and unless it does so the court is without jurisdiction to lay out or establish the desired road. *Woodruff* v. *Douglas Co.*, 17 Or. 314 (21 Pac. 49.) But there is no such provision as to the contents of a petition for a road of public easement. All the statute affirmatively requires in such case is that the petition show (1) that the residence of the petitioner is not reached by any convenient public road; and (2) that it is necessary that the public and the petitioner shall have ingress to and egress from such residence; and, when these facts are made so to appear, it is the duty of the county court to appoint viewers "to locate and mark out a public road from some certain point on the premises of the applicant to some certain point upon another public road," etc. The statute does not require the petition to contain even a description of the route of the proposed road; and it may well be doubted, in view

of its language and obvious purpose, and the discretion vested in the viewers as to the location of the road, whether an entire omission in this respect would be fatal to the jurisdiction of the court.

2. But, however that may be, the petition before us contains a sufficient description of the route of the proposed road to enable persons interested to locate it with reasonable certainty. The petition states that the proposed road is to begin at a point near the barn of the petitioner, and thence follow the present traveled road to its intersection with the Ft. Klamath & Linkville Road ; and this is sufficiently definite to enable the landowner and the county court to determine with sufficient accuracy the location of the proposed road.

3. The next point made is that no sufficient service of a copy of the order appointing the viewers was made upon the plaintiff. But the record shows affirmatively that she appeared in the county court, and contested the proceedings upon the merits ; and this was a waiver of any irregularity in the service of notice, and is a conclusive answer to the point made : Elliott, Roads & S. 243 ; *Kimball* v. *Supervisors*, 46 Cal. 19.

4. It is next claimed that the proceedings are void because it does not affirmatively appear from the records of the county court that the viewers appointed by it were disinterested freeholders of the county. The recital in the record is that they are " residents and freeholders of Klamath County " ; but there is no finding that they were disinterested, and this is claimed to be fatal to the entire proceedings. The statute provides that, when certain facts are made to appear to the county court by a sworn petition of any person, it shall appoint " three disinter-

ested freeholders of the county as viewers," and in our opinion the persons so appointed must be taken to possess such qualifications until the contrary appears. It is true, the county court, in laying out a road of public easement, is exercising a limited and special power, and all the facts necessary to confer jurisdiction must affirmatively appear upon the record. But, as said by the supreme court of Missouri in a similar case, "if we require that every minute particular which the statutes point out as requisite in such proceedings shall appear on the face of the record, so that this court may, on certiorari, be enabled to see an exact conformity to every requisition of the law in all the steps of the proceeding, however formal, not many proceedings of this character would be likely to stand " : *Hannibal Railroad Co.* v. *Morton*, 27 Mo. 317. The appointment of viewers is in no sense jurisdictional. Indeed, such appointment is not to be made until after the court has acquired jurisdiction of the subject matter by the filing of a petition containing the necessary allegations. After such a petition has been filed, and jurisdiction of the subject matter thus acquired, the same intendments and presumptions must thereafter attach to the proceedings of the county court as would attach to courts of general jurisdiction under similar circumstances. In making the appointment, the court acts judicially; and it is a reasonable intendment that it has performed its duty, until the contrary appears. In re Road from Appellant's Tavern to Susquehanna, 17 Serg. & R. 387; *Chicago Railroad Co.* v. *Chamberlain*, 84 Ill. 333; *Lyon* v. *Green Bay Railway Co.*, 42 Wis. 538. The case of *Northern Pac. Term. Co.* v. *City of Portland*, 14 Or. 24 (13 Pac. 705), is not in point here, because it involved the validity of the proceedings of the common council of the city of Portland in appropriating private property for the purpose of opening and establishing a

street; and as said by the writer of the opinion, in a subsequent case (*Bewley* v. *Graves*, 17 Or. 274, 20 Pac. 322), the common council "cannot be said to be a court, in any sense of that term; but it has certain specified and limited powers conferred upon it, to lay out and widen streets, etc., which it may exercise by complying with the charter."

5. Again, it is contended that the law under which the proceedings in question were had is unconstitutional and void because (a) it provides for the taking of private property for private use; and (b) it makes no provision for such notice to the non-consenting landowner as will enable him to appear and contest the allegations of the petition, or take part in the selection of the viewers by whom his damages are to be assessed. Laws exist in most of the states for the laying out of what are called "private roads," or "roads of public easement"; and these statutes have in some cases been held valid, and in others invalid. The principle to be deduced from the adjudged cases, bearing upon the question, seems to be that if, by a fair construction and operation of the statutes, the road, when laid out, is in fact a public road, for the use of all who may desire to use it, the law is not liable to the charge of unconstitutionality, and is valid, though the road may be laid out on the application of, paid for and kept in repair by the petitioner, and primarily designed for his benefit; but if such road is to become a mere private way, and not open to the public, the law sanctioning it is void. Lewis, Em. Dom. § 167; 6 Am. Law Rev. 197; *Denham* v. *Commissioners*, 108 Mass. 202; *Latah Co.* v. *Peterson*, 2 Idaho, 1118 (29 Pac. 1089); *Shaver* v. *Starrett*, 4 Ohio St. 494. Within this principle, the act in question is valid. The road provided for is an open public way, 30 feet in width, which may

be traveled by any person who desires to use it. The fact that it may accommodate but a limited portion of the public, or even but a single family, is no objection to the validity of the law providing for its location. The test is whether it is an open public way, or one for the exclusive use and benefit of the petitioner.

6. Nor is there any merit in the objection that no provision is made for notice to the non-consenting landowner of the intended application. The preliminary question as to the location of a public road, and the appropriation of private property therefor, is political, rather than judicial, and rests in the exclusive control and discretion of the legislature, and may be determined without notice to the owner of the property to be affected. It is sufficient for the protection of his constitutional rights if he has notice, and is given an opportunity at some stage of the proceedings to be heard upon the question of compensation for his land so appropriated. And the statute in question makes such a provision : Lewis on Eminent Domain, § 366 ; *Zimmerman* v. *Canfield*, 42 Ohio St. 463 ; *Branson* v. *Gee*, 25 Or. 462 (36 Pac. 527); *Lent* v. *Tillson*, 72 Cal. 404 (14 Pac. 71). It is true there is some conflict in the authorities as to whether the owner of land sought to be appropriated for a public use is entitled, in the first instance, to such notice of the proceedings as will enable him to take part in the selection of the tribunal to ascertain his compensation. It is quite agreed that he is entitled to a fair and impartial tribunal, and of necessity is entitled to an opportunity to ascertain whether it is impartial; but the better rule seems to be that "it is not essential that provision should be made for the exercise of this right, in the first instance, in cases where the decision of the tribunal is not conclusive. If there is a right of appeal to a court of general jurisdiction, then

there is an opportunity for securing an impartial hearing under the general rules of law, and no substantial injustice is done ; but, if there is no such right, then it is a violation of sound principle to compel a party to be bound, without an opportunity to discover whether the tribunal is or is not an impartial one.   It is not easy to perceive any just reason upon which the doctrine that a conclusive decision may be rendered, and no opportunity allowed the parties to ascertain whether the triers are disinterested and unprejudiced, can be sustained.   If, however, this opportunity is given before a final hearing is had, no principle is violated, and the rule which prevails in analogous cases is given force'' :  Elliott on Roads and Streets, 241 ; *State ex rel.* v. *Johnson*, 105 Ind. 463 (5 N. E. 553) ; *State ex rel.* v. *Stewart*, 74 Wis. 620 (43 N. W. 947).

We are of the opinion that the law in question is valid, that the proceedings of the county court are regular, and that the judgment of the circuit court must be affirmed.

AFFIRMED.

Decided 30 April, 1898.