Decided at PENDLETON, 13 August, 1898.

### SULLIVAN v. CLINE.

[54 Pac. 154]

ESTABLISHING HIGHWAYS— CONSTITUTIONAL LAW.—Sections 4075–4079, Hill's Ann. Laws, providing for the establishment of roads of public easement to private residences by condemning private property therefor, are not invalid because they made no provision for notice to a non-consenting landlord of the intended application for a road, since at a subsequent stage of the proceedings he may appeal from the award of damages to a court of general jurisdiction: *Towns* v. *Klamath County*, 33 Or. 225, followed.

HIGHWAYS—PUBLIC USE.—Sections 4075–4079, Hill's Ann. Laws, providing for locating a county road from residences not reached by a convenient road to some other public road, are not unconstitutional as condemning private property for private use, since the road when open will be at the disposal of the entire public: *Towns* v. *Klamath County*, 33 Or. 225, followed.

SUFFICIENCY OF PETITION,—A petition in a proceeding for the location of a road of public easement setting out the location of petitioner's residence in reference to its proximity and accessibility to any established highway, the impossibility of obtaining the location of a public road under the general road laws for want of a sufficient number of resident petitioners, that at the time of his settlement there was along the route of the proposed road a well-established highway over public lands which had subsequently to his settlement come into the possession of one who refused to permit the petitioner or the public to travel over such road, and alleging that his residence cannot be reached by or for travel by any convenient or other public road previously provided by law, and that it is necessary for the public and the petitioner to have access to and egress from his residence, is sufficient.

From Union : ROBERT EAKIN, Judge.

Action by Armittie H. Sullivan against A. W. Cline and others. From a judgment setting aside proceedings of the county court on a writ of review, defendants appeal.

For appellants there was brief over the name of *Finn & Ivanhoe*, with an oral argument by *Mr. F. S. Ivanhoe.*

For respondent there was a brief over the name of *Baker & Baker*, with an oral argument by *Mr. J. S. Baker.*

MR. JUSTICE BEAN delivered the opinion.

This is an appeal from a judgment of the circuit court for Union County annulling and setting aside, on writ of review, the proceedings of the county court of such county in the matter of the location of a road of public easement over and across the land of plaintiff. It is urged by counsel, in support of the rulings of the court below, that the act of the legislature under which the road was located is unconstitutional for want of a provision for sufficient notice to a non consenting landowner, and be-

cause the use for which the property is to be taken is not public, but private. These objections were both held unsound in the case of *Towns* v. *Klamath Co.* (decided since this case was argued and submitted), 53 Pac. 604, and hence may be passed without further notice.

It is also claimed that the petition for the location of the road is insufficient to give the county court jurisdiction of the subject matter, because it does not state in detail the facts showing that it is necessary that the public and the petitioner shall have ingress to, and egress from, the residence of such petitioner. The petition sets out at length the situation and location of petitioner's residence in reference to its proximity and accessibility to any established public highway; the impossibility of obtaining the location of a public road under the general road laws, for want of a sufficient number of resident petitioners; that at the time of his settlement upon his homestead there was along the route of the proposed road an old and well-established highway over and across the adjacent public lands which for more than 15 years had been continuously used by the public, but that the plaintiff had, subsequent to his settlement and prior to the filing of the petition, become the owner of the land over which such road passed, and has inclosed the same, and now refuses to permit the petitioner or the public to travel over such road, or over and across such lands, and that his "residence cannot be reached by or for travel by any convenient or other public road heretofore provided by law or otherwise, and that it is necessary for the public and your petitioner to have ingress to, and egress from," his residence. In our opinion, this is a sufficient statement of the essential facts required to be shown by the petition to satisfy the requirements of the law. It is not contemplated or required that the petitioner for a road of public easement should be required to set out

at length in his petition the evidentiary facts going to show that his residence is not or cannot be reached by any convenient public road, or that it is necessary that the public and himself shall have ingress to, and egress from, his residence, but it is sufficient·if he avers the ultimate facts showing his right to the relief prayed for. It follows that the judgment of the court below must be reversed, and the cause remanded, with directions to dismiss the writ.

REVERSED.

Decided at PENDLETON, 13 August, 1898.