## FANNING *v.* GILLILAND.

[61 Pac. 636, 67 Pac. 209.]

OPENING HIGHWAY—APPEAL—WRIT OF REVIEW.

1. An appeal from the award of damages in a proceeding for opening a public road does not preclude the right to review the regularity of the proceedings establishing such road: *Kirkwood* v. *Washington County*, 32 Or. 568, applied.

CONSTITUTIONAL LAW—EMINENT DOMAIN—HIGHWAYS.

2. Where a road sought to be laid over private property will be open, when laid, to all who may desire to use it, the laying of the road will not constitute a taking of private property for private use, forbidden by the constitution, though it may in fact accommodate but a single family: *Towns* v. *Klamath County*, 33 Or. 225, cited.

NECESSITY FOR HIGHWAY—LEGISLATIVE QUESTION.

3. The allegation in a petition for a public road over private property that it is necessary, and that the property of the petitioners cannot be reached by any convenient highway, is not issuable, since the manner of its determination is a legislative question, and since the legislature has provided that the appearance of these facts in the petition shall be sufficient to authorize the court to appoint viewers to lay out the road.

DAMAGES BY OPENING HIGHWAY—POLITICAL QUESTION.

4. The report of viewers appointed by the court to lay out a public road over private property that the road has been so laid as to cause the least damage is not issuable, since the question raised is political in its nature, and the procedure authorized by the legislature for its ascertainment makes provision for a hearing only on the ultimate question of compensation for the damage.

CONSTRUCTION OF REPORT OF VIEWERS.

5. Where viewers were appointed and directed to lay out a road according to the prayer of the petition therefor, and assess the damages, and they reported that they had laid out the road "upon the most practicable route, and in accordance with the petition, and so as to do the least possible damage to the land over which it passed," it sufficiently appears that the route adopted was the best one in their judgment.

TAKING PRIVATE PROPERTY—VALIDITY OF ORDER OPENING HIGHWAY.

6. An order of a county court confirming the report of viewers, declaring the road in question to be a public highway, and ordering it opened on payment of the costs and assessed damages, is not void, though at the time of entering it the damages and costs had not been paid, since by its terms there was no taking of property except on condition of the payment of damages.

37 OR.— 24.

| | |
|---|---|
| 37 | 369 |
| 40 | 78 |
| e40 | 79 |
| 37 | 369 |
| 43 | 538 |
| 37 | 369 |
| 44 | 62 |
| 44 | 252 |
| 37 | 369 |
| f46 | 248 |
| 46 | 548 |
| 37 | 369 |
| 48 | 268 |
| 48 | 618 |

From Umatilla : Stephen A. Lowell, Judge.

This is a proceeding by writ of review by C. O. Fanning and others against J. M. Gilliland and another to test the legality of the establishment by the County Court of Umatilla County, Oregon, of a road of public easement across the lands of the plaintiffs. The sworn petition presented for the location and establishment of the road shows that F. B. Clopton, one of the petitioners, is the owner of forty acres of land situated in township 2 north, range 32 east of the Willamette Meridian ; that he has a dwelling house situated thereon, which is occupied by J. M. Gilliland, the other petitioner, under a lease ; that said dwelling is situate immediately south of the Umatilla River, which becomes so swollen in the winter and spring as to render it impassable ; that McKay Creek, which flows on the south and west of said dwelling, is also impassable during the same seasons, and there is no public highway across either of the streams, accessible to petitioners' residence ; that there has been a road from their residence to the City of Pendleton, but that about January 31, 1899, C. O. Fanning, upon whose land it was located, closed it up and refused to permit petitioners to use it ; that petitioners' residence is not reached by any convenient public road or otherwise ; that it is necessary that petitioners and the public have ingress and egress to and from such residence, and that by reason of the closing of said road all such means of ingress and egress have been cut off ; that a good road, convenient to petitioners' residence, can be laid out, constructed and established upon the line of the old road so closed, without doing unnecessary damage. The prayer of the petition is that a county road and public highway, thirty feet in width, be laid out and established, commencing at the gate in the dooryard fence of the petitioners' residence, and running thence

upon the line of the old road, as nearly as practicable, to a designated point, "at which commences county road No. 430," and that viewers be appointed to locate and establish the same, and to assess the damages, if any, accruing to the individuals over whose lands it passes. To this petition an answer was filed by the objectors, the plaintiffs herein, protesting that the court had no jurisdiction over the subject-matter, and putting in issue all the material allegations thereof, which, after argument and hearing, was stricken out upon motion of the petitioners. In pursuance of the petition the county court made an order reciting the facts therein stated as being shown under oath, and appointing viewers, with directions tó meet at the beginning of the said proposed road on the twenty-second day of March, 1899, and lay out, locate and establish a thirty-foot road, in accordance with the petition, and to assess the damages sustained to the parties through whose premises it should be located, according to law, and to report their proceedings to the court at the May term following; and the court further directed that a copy of the order be served upon the persons affected. In due time the viewers made a report, to which objections were filed, with a prayer that the objectors be allowed to produce evidence to show that it was not just. These were stricken out, and, a motion subsequently filed to vacate the same being overruled, the court entered an order confirming the report and establishing the road; and a writ of review to the circuit court having been thereupon sued out by plaintiffs, and there dismissed, they appeal to this court.        AFFIRMED.

For appellants there was a brief and an oral argument by *Messrs. J. H. Raley, John J. Balleray,* and *Thomas G. Hailey.*

For respondents there was a brief and an oral argument by *Messrs. Jas. A. Fee* and *Robert J. Slater.*

MR. CHIEF JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

1.   The respondents moved to dismiss the appeal for the reason that the plaintiffs had appealed to the circuit court from the assessment of damages, it being contended that by prosecuting such appeal they have waived the right to prosecute their remedy by writ of review.   In this contention we cannot concur, for two reasons :   (1) It was not the purpose of the statute, in giving the appeal from the assessment of damages, to permit the regularity of the proceedings for the establishment of the road to be questioned therein ;   and (2) by Section 585, Hill's Ann. Laws, as amended by the act of 1889 (Sess. Laws 1889, pp. 134, 135), the writ of review is made concurrent with the right of appeal, so that an appeal from the assessment of damages does not waive the right to have the proceeding to lay out and establish the road reviewed at the same time.   As bearing upon the question whether the remedies are concurrent, see *Hill* v. *State*, 23 Or. 446 (32 Pac. 160);   *Kirkwood* v. *Washington County*, 32 Or. 568 (52 Pac. 568) .   The motion is therefore denied.

It is urged that it was error to strike out the answer to the petition for the location and establishment of the road, because it tendered issues upon matters of law and fact essential to be established before the prayer of the petition could be granted.   Among them were (1) that the use for which it was proposed to appropriate the plaintiffs' lands was not a public use ;   (2) that the residence of the petitioners was at that time reached by a convenient public road ;   and (3) that the road proposed by the petition was not located so as to do the least dam-

age to the premises of the plaintiffs. It was sought to produce evidence upon all these questions, and to obtain a hearing upon them as questions of fact, and it is urged that the court was powerless to proceed without it, issues thereon having been tendered. The law has made no provision for any such hearing, although it requires notice to be given of the appointment of viewers to lay out the road, and assess the damages accruing by reason of its location and establishment. It cannot be doubted but that all these questions are matters for judicial determination. The first two must be adjudicated and determined before the viewers can be appointed, but the latter is to be resolved with their assistance, when authorized to act.

2. As it pertains to the first question or issue, the proposition is advanced that private property cannot be taken for private use, even with compensation, and therefore it must be first determined that the proposed taking is for a public use, before damages can be legitimately assessed ; hence, that an adjudication of the fact that the use is public, without an opportunity of being heard, is the taking of property without due process of law, and inimical to the national constitution. This is a question which challenges the jurisdiction of the court ; for, if it be true that a road of public easement such as is provided for by statute is not the taking of property necessary to its establishment for a public use, then the court is without authority to act, and the proceeding ought to stop whenever attention is called to it. This court has, however, decided that the taking of property for such a purpose is a taking for a public use. Mr. Justice BEAN, in *Towns* v. *Klamath County*, 33 Or. 225, 232 (53 Pac. 604), says : "The principle to be deduced from the adjudged cases bearing upon the question seems to be that if, by a fair construction and operation of the statute, the road,

when laid out, is in fact a public road, for the use of all who may desire to use it, the law is not liable to the charge of unconstitutionality, and is valid, though the road may be laid out on the application of, paid for and kept in repair by, the petitioner, and primarily designed for his benefit; but if such road is to become a mere private way, and not open to the public, the law sanctioning it is void. * * * Within this principle, the act in question is valid. The road provided for is an open, public way, thirty feet in width, which may be traveled by any person who desires to use it. The fact that it may accommodate but a limited portion of the public, or even but a single family, is no objection to the validity of the law providing for its location. The test is whether it is an open, public way, or one for the exclusive use and benefit of the petitioner.''

We are aware that the question whether the use is in fact public is one for ultimate determination, under the constitution, by the judiciary; that while the legislature usually takes the initiative, and, in its adoption of laws looking to the purpose, necessarily passes upon their constitutionality, it is yet within the exclusive and peculiar functions of the courts to determine the question, whenever appropriately brought to their notice : *Bridal Veil Lumbering Co.* v. *Johnson,* 30 Or. 205 (60 Am. St. Rep. 818 46 Pac. 790, 34 L. R. A. 368); *Apex Transportation Co.* v. *Garbade,* 32 Or. 582 (52 Pac. 573, 54 Pac. 367, 882); *Chicago, etc. R. R. Co.* v. *Wiltse,* 116 Ill. 449 (6 N. E. 49); Lewis, Em. Dom. § 158; 10 Am. & Eng. Enc. Law (2 ed.), 1069b. The question being one of jurisdiction, it may be heard at any stage of the proceeding, as well in the circuit as in the county court; and, under the settled rulings of this court, it may be heard here for the first time. There is no issue of fact to be joined upon the question. The statute has prescribed what may be

done, and the matter of determination whether the appropriation of the lands necessary to the establishment of the road is for a public use is capable of being solved, under the statute, from the record.   No facts that may be proven can present a different issue than such as the law itself has tendered, and the notice which is required to be given by a service of the order of appointment of the viewers gives ample opportunity for hearing upon this jurisdictional question, so that it cannot be said that the taking is without due process of law.   In reality the county court passed upon the question when it entertained cognizance of the cause against the protests of the plaintiffs that it was without jurisdiction over the subject-matter.

3.   The next question, viz., whether the residence of the petitioners could be reached by any public highway, and another closely allied to it, whether it is necessary that such persons and the public shall have ingress and egress to and from the residence of such persons, are political or legislative in their character, and the mode and manner of their ascertainment and determination are matters wholly within the authority of the legislature to devise :   *Towns* v. *Klamath County,* 33 Or. 225 (53 Pac. 604); *Zimmerman* v. *Canfield,* 42 Ohio St. 463 ; *People* v. *Smith,* 21 N. Y. 595.   The legislature having provided that, upon a sworn petition of the person whose residence is not reached by a convenient public road, the court may appoint viewers, the law has prescribed that this is sufficient to set the court in motion.   These facts are not issuable, because not made so by statute, and are sufficient when appearing by the petition, because it fulfills or constitutes the mode of procedure pointed out by the law.   As was said in *Towns* v. *Klamath County,* 33 Or. 225 (53 Pac. 604), touching the question of the exercise of eminent domain, "it is sufficient for the protection of his

constitutional rights if he has notice, and is given opportunity at some stage of the proceedings to be heard upon the question of compensation for his land so appropriated.''

4.   The third question, viz., whether the road proposed by the petition was located thereby so as to do the least damage to the premises over which it passes, is one to be ascertained by the viewers for the advisement of the court.   This is not a preliminary question, as are the preceding ones, to be determined by the court, and essential to the exercise of the power and authority to proceed, but is an issue subsequent to the acquirement of jurisdiction, and constitutes but a method of procedure in laying the road.   The procedure must be substantially followed in the establishment of the road ;  but the objectors thereto are not permitted to form an issue touching the fact of '' least damage '' to be tried in any other way than by the report of the viewers.   This they try without issue being made upon the pleadings, and make report of their findings under the law.   Like the last preceding questions, it is legislative in its character, and the procedure adopted for the ascertainment of the fact may be pursued without an opportunity for a hearing, where provision is made therefor, upon the ultimate question of damages as compensation for the taking.   Nor do we think that the objectors were entitled to a hearing upon the justice of the viewers' report.   That is a matter to be determined from the report itself, and it cannot be disputed by any method not prescribed by statute.

There is another question presented by the record, upon which much stress was laid at the argument.   The petition asking for the establishment of the road described the proposed course with some particularity, and the order of the court directed the viewers to lay it out in accordance with the petition, and to assess the damages

sustained by reason of its establishment. The viewers made report that, "in accordance with the prayer of the petition and the direction and orders of the county court, we proceeded to and did　*　*　*　lay out, locate, and establish a road thirty feet in width, commencing," etc., which follows the line designated in the prayer of the petition, and "that said road was laid out on the most practical route from the point of commencement to the termination, and upon the route designated in said order appointing us as viewers, and in accordance with the prayer of the petition, and we so laid out said road as to do the least possible damage to the land over which it passed." It is urged that the order of the county court left no discretion with the viewers in the selection of the route of the road so as to do the least damage to the land over which it passed, and therefore that the court exceeded its powers. True, the order directs that the road shall be located in accordance with the petition, and this is the language of the statute. But the report of the viewers would indicate that they have located it so as to do the least possible damage to the lands over which it passes, while at the same time they show that they located it upon the line designated in the petition. This is equivalent, in our opinion, to saying that the line designated in the petition is the one which, after carefully viewing the situation, in the judgment of the viewers would do the least damage to the property owners, and this is the fulfillment of the statute.

5. It was intimated in the case of *Sullivan* v. *Cline*, 33 Or. 260 (54 Pac. 154), that it was probably not the intendment of the statute that the petitioner should set out the exact course on which it is desired the road should be laid, but that it is sufficient if the petition shows the place of residence, that it cannot be reached by any public road, and that it is necessary that the public and himself shall

have ingress to and egress from such residence. The petition in this case has gone further, however, and has designated the exact route; and while the court has directed that the road be located according to the petition, which may imply that it should be located upon the route therein defined, yet the report of the viewers shows that the road so laid out was located so as to do the least damage to the land through which it passes. The ultimate result was therefore in full accord with the intendment of the statute, and, while it may have proceeded somewhat irregularly, the purpose of the statute has been subserved, and the order establishing the road will therefore not be disturbed. The judgment of the court below will be affirmed, and it is so ordered.      AFFIRMED.

Decided 17 September, 1900.

ON MOTION FOR REHEARING.

MR. JUSTICE WOLVERTON delivered the opinion.

6. The plaintiffs, by their petition for rehearing, present the further and additional question that the county court was powerless to establish the road in question without payment of the damages awarded by the viewers being first made. The statute provides that " the viewers * * * shall make a report * * * of the public road so located, and the amount of damages assessed by them, if any, and the person or persons entitled to such damages; and if the county court is satisfied that such report is just, and after payment by the petitioner of the costs of locating such road and the damages assessed by the viewers, the court shall order such report to be confirmed, and declare such road to be a public road, and the same shall be recorded as such :" Hill's Ann. Laws, § 4077. After the preliminary recitals, the court concluded with the following entry : " It is hereby ordered, ad-

judged, and decreed that the report of said viewers be, and the same is hereby, approved and confirmed in all respects ; that the said road be, and the same is hereby, decreed to be a road of public easement and a public county road, and the same is hereby established and ordered opened in accordance with the report of said viewers, upon the payment of the damages in said report set forth, and the costs and expenses of this proceeding.'' It is stoutly urged that here is a taking of the appellants' property without just compensation first assessed and tendered, contrary to the inhibition of the state constitution (Article I, § 18), but counsel have evidently misconceived the effect of the order. There was no appropriation of property, except upon condition of the payment of costs and damages. By its terms, there was no establishment of the road, nor could it be opened, except upon payment as required thereby. Hence the order or judgment as entered does not operate as a taking of appellants' lands without just compensation first assessed and tendered. The purpose of the statute is to require the payment of the costs and damages before any road or public easement can be established, and, while this provisional entry may not be in full accord with the statutory intendment, yet it was calculated to command compliance with the requirements of the law prior to any appropriation. The record shows that the costs and damages were paid into the hands of the county clerk upon the ninth day after entry of the order or judgment, and before the adjournment of the term, so that there could have resulted no possible injury to the appellants. The petition for rehearing is denied.    REHEARING DENIED.