Argued October 12, affirmed November 27, 1923.

# MALCOLM A. MOODY *v.* S. BENSON, R. A. BOOTH, and E. E. KIDDLE ET AL.

### (220 Pac. 561.)

**Eminent Domain — Not Essential That State Road shall Benefit Whole Public or Any Considerable Part Thereof.**

1. It is not essential to the exercise of the powers conferred on the State Highway Commission by Sections 4483, 4496, Or. L., in the adoption and improvement of a state road, and the condemnation of a right of way therefor, that the use or benefit shall extend to the whole public or any considerable portion thereof, nor does the exercise of those powers depend upon the length of the road or number of persons through whose lands it may pass; and hence the fact that, after completion of another road, the one in question will be used by only a few persons, does not condemn it as a temporary road.

**Highways—Whether Road Should be Established or Improved Held Within Discretion of Commission.**

2. Whether a road should be established and improved as a state highway was a matter entirely within the discretion of the Highway Commission.

**Highways—Court cannot Control Discretion of the Highway Commission in Absence of Abuse.**

3. No abuse of discretion appearing in the establishment and improvement of a road as a state highway by the Highway Commission, the court cannot interfere and control the same.

**Highways—Character of Public Road not Dependent on Having a Terminus Within a Public Highway.**

4. That the terminus of a road adopted by the State Highway Commission as a state road does not connect with a public highway or a place of public resort does not deprive it of the character of a public road, or invalidate proceedings for its establishment.

**Eminent Domain—Both County Court and Highway Commission have Power to Appropriate a Right of Way for a Public Highway.**

5. Where a highway maintained and owned by a private person has been used by the public continuously for many years both County Court and State Highway Commission have power, if further use of the road is denied, to appropriate a right of way for a public road, to re-establish a connection between existing public roads.

**Eminent Domain—Plaintiff's Rights Determined from the Whole Record, Despite Weakness of Complaint in Suit Sought to be Enjoined.**

6. In a suit to restrain the State Highway Commission from going on plaintiff's land and constructing a highway thereon, and

to enjoin the prosecution of a condemnation action, plaintiff's equities must be determined from the whole record, and weakness of complaint in the action which is sought to be restrained cannot aid plaintiff.

From Wasco: F. W. WILSON, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Martin L. Pipes, Mr. John M. Pipes* and *Mr. George A. Pipes,* with an oral argument by *Mr. Martin L. Pipes.*

For respondents there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. J. M. Devers,* Assistant Attorney General, with an oral argument by *Mr. Devers.*

McCOURT, J.—On the seventeenth day of September, 1920, the Attorney General, by direction of the State Highway Commission, and upon behalf of the state, instituted an action against plaintiff, to condemn a strip across his land, sixty feet wide and about one-half mile long, for use as a right of way for a road which the State Highway Commission had theretofore defined and adopted as a state highway and designated as state highway No. 39.

After the complaint in the condemnation action was filed, the Highway Commission, pursuant to the authority conferred upon it by Sections 4436 and 4438, Or. L., ordered its engineers and employees to enter upon plaintiff's premises and to proceed to construct the above-described highway, by making cuts and fills and doing other work necessary for its completion, without waiting for a judicial appropriation of the right of way therefor.

Plaintiff commenced this suit to restrain the Highway Commission from going upon his land and constructing a highway thereon, and also to enjoin the prosecution of the condemnation action. A preliminary injunction was prayed for, which, after hearing upon the application therefor, was denied. A trial upon the merits, resulted in a decree dismissing plaintiff's suit. Plaintiff has appealed from that decree.

The facts alleged in plaintiff's complaint, and which he claims are established by the evidence, briefly stated, are these: (1) That the road designated as state road No. 39 is not, and is not intended to be, a permanent highway; that the Highway Commission designated the same as a state road, and instituted the condemnation action, to acquire right of way therefor, in order to provide a temporary road for the accommodation of public travel during the construction of that section of the state road known as the Columbia River Highway, extending between The Dalles and the Deschutes River, and until the completion thereof, after which state road No. 39 was to be abandoned and would serve no public purpose; (2) That the Highway Commission designated the terminus of state road No. 39 at a point within the tract of land owned by plaintiff, which is not accessible to the public over a public road, and where no purpose of public convenience or pleasure could be served, thus rendering void, the proceedings taken to establish the road; (3) That the engineers and contractor engaged by the Highway Commission to construct said road, pursuant to instructions and directions from the State Highway Commission, are entering upon the land sought to be appropriated, and unless restrained,

will construct a road across the same, and in doing so, will plow up the land and will make cuts and fills thereon, which will greatly and irreparably damage the plaintiff.

The following facts were controverted by the answer, both by general denial and appropriate affirmative allegations.

Assuming that the ultimate facts are as above stated, plaintiff contends that the right to exercise the power of eminent domain to appropriate private property for highway purposes, conferred upon the state by statute, does not authorize the taking of such property for a temporary road, especially one for which no valid terminus has been designated.

Plaintiff does not question the validity of Sections 4436 and 4438, Or. L., authorizing the Highway Commission, after condemnation proceedings have been instituted, to enter into the possession of the lands sought to be appropriated,and commence the construction of a highway thereon, prior to the adjudication. But he insists that the power to condemn in a particular case is a prerequisite to the right to take possession of the property before adjudication, and that in any case, where the power to condemn does not exist, the entry and taking constitute a trespass, and if such trespass will result in irreparable injury, a court of equity will interfere and restrain the same.

Opposing plaintiff's contention, defendants point out that under the practice provided by our statute for the conduct of the condemnation proceedings in cases like the one under consideration, the right of the state to take the land and the alleged invalidity of state highway No. 39 for want of a proper terminus, might have been contested by plaintiff in the con-

109 Or.—27

demnation action: Section 4436, Or. L.; *Bridal Veil Lbr. Co.* v. *Johnson,* 25 Or. 105, 108 (34 Pac. 1026); *Smith* v. *Cameron,* 106 Or. 1 (210 Pac. 716).

Defendants claim that in view of the practice thus established, plaintiff's right to equitable relief wholly depends upon the character of the trespass of which complaint is made, and the extent of the injury which it is alleged will result therefrom. Defendants argue that the injury which plaintiff complains he will suffer from the trespass alleged in his complaint is not irreparable in the sense that authorizes the court of equity to interfere and grant relief by injunction. In this connection defendants call attention to the declaration of the courts, that "the practice of granting injunctions in cases of trespass * * is a jurisdiction sparingly indulged," and they cite controlling authorities in support of the rule, that where equitable relief is sought upon the sole ground of a committed or threatened trespass, it must appear that the injury therefrom tends to the impairment or destruction of the estate in the character in which it is enjoyed, before a court of equity is authorized to enjoin such trespass: *Smith* v. *Gardner,* 12 Or. 221, 223 (6 Pac. 771, 53 Am. Rep. 342); *Wolfer* v. *Hurst,* 50 Or. 218, 222 (91 Pac. 366); 14 R. C. L. 444.

The allegations of the complaint in respect to the extent of the injury are not as full as the strictness of the above rule seems to require, but it is not necessary to determine their sufficiency at this stage of the case, as the evidence hereinafter referred to, clearly and indisputably establishes the right of the state to maintain the condemnation action.

By Chapter 423, Laws 1917 (§ 4479, Or. L.), the State Highway Commission was charged with the duty of constructing the state road known as the

Columbia River Highway, between the Multnomah
County line, easterly to the City of Hood River and
Hood River County, and through The Dalles and
Wasco County, through Sherman County, and east-
erly upon the general route indicated by the statute,
or to be determined upon by the State Highway Com-
mission, to the Idaho line. In connection with the
construction thereof, the route of the Columbia River
Highway through Wasco County was located by the
Highway Commission pursuant to authority conferred
upon it by the statute, along the Columbia River,
following the river and railroad. In connection with
the location, improvement and construction of the Co-
lumbia River Highway, and as a part thereof, a state
bridge was constructed across the Deschutes River,
at a cost of approximately $75,000. The highway
easterly from the bridge, was largely completed, and
opened to travel, at and prior to August 10, 1920,
but that section of the highway between the above-
mentioned bridge and The Dalles, owing to difficulties
of construction, was not completed, and could not be
completed and opened to public travel, for a year
or longer thereafter.

In the meantime it was necessary to provide a de-
tour around the uncompleted section of the highway,
for the use of the traveling public until that section
of the road was completed and open to travel. Up
to the time mentioned, and for about forty years prior
thereto, travelers going from The Dalles through
Wasco County and in Sherman County, passed over
a road which extended along the Columbia River
easterly from The Dalles a distance of about two and
one-half miles, at which point the road left the river
and passed on to the high land above the river, and
extended in a general easterly direction to the east-

erly boundary of plaintiff's land, and thence over plaintiff's land to the Deschutes River, where the plaintiff, at a point about one-half mile above the state bridge heretofore described, during all the times mentioned and up to the time of the hearing, maintained a toll-bridge for the accommodation of public travel from Wasco County into Sherman County and to points in eastern Oregon. The land tributary to this road, and to the roads leading into the same from points south thereof, is devoted to the raising of grain and livestock. The tract of land owned by plaintiff extends westerly from plaintiff's toll-bridge a distance of about 1,300 feet. The portion of the above-described road extending from The Dalles to the west line of plaintiff's land, consists of a number of county roads, but the section of road across plaintiff's land and leading to his toll-bridge, and which had been used by the public for many years, was constructed by, or for, plaintiff, and most of the time kept in repair by him. The tracks and right of way of the Oregon Trunk Railroad Company across the plaintiff's land, and the railroad company at the time of constructing its roadbed and track about the year 1911, relocated and reconstructed the road across plaintiff's land used by the public as aforesaid, and elevated its tracks so as to allow travelers upon the road to pass under the railroad tracks.

In the situation outlined by the above recital of facts, the State Highway Commission, on August 10, 1920, adopted a resolution designating and defining state road No. 39, and located the beginning point thereof in the center of the Columbia River Highway, at the west end of the state bridge crossing the Deschutes River, and located the terminus thereof at the center line of the Oregon Trunk Railway, where

the same intersects the highway leading east from
The Dalles to the Deschutes River, the same being the
road constructed by the railway for plaintiff, as afore-
said.

The resolution establishing state road No. 39,
among other things, recites:

"WHEREAS, the portion of said Highway in Wasco
County, as the same has been permanently located by
the State Highway Commission, cannot be completed
and ready for the use of the public within a year
from the present time; And,

"WHEREAS, the present existing highway leading
from The Dalles and other points West and South-
west from said Bridge, do not have direct communica-
tion with the said State bridge, and therefore, cannot
be served by the same for the reason that said bridge
was constructed in conformity with the new and per-
manent location of said Columbia River Highway,
which is approximately one-half mile distant from
the nearest point of connection with the existing road
leading to said river; And,

"WHEREAS, said existing road will continue to be
a road of public necessity, and will be required and
sustained as a public and County Highway, notwith-
standing the improvement and construction of the
said State Highway for the accommodation of the
travelling public living off and away from, and with-
out access to, the newly located and permanently im-
proved Columbia River Highway between the Dalles
and said State Bridge, and said existing County high-
way will continue to serve the travelling public, and
the people living in the vicinity of Fifteen Mile Creek,
and neighboring localities and municipalities, after
the completion of said Columbia River Highway;
And, * *

"WHEREAS, said existing County road leading from
The Dalles to the Deschutes River and the public
highway along Fifteen Mile Creek which forms a
union with the said road leading from The Dalles, is
a road of public importance and should have direct
communication and connection with the said State

Bridge across the Deschutes River so that the people using said highways, and living in said vicinity out of connection with and across to the said Columbia River Highway may have the use and accommodation of said bridge; And,

"WHEREAS, a road located and defined within the limits hereinafter described is a road of sufficient public importance to warrant the location, establishment, designation, definition and improvement of the same as a state highway, and is a road which will connect portions of the state not otherwise connected with the Columbia River Highway and with points in Eastern Oregon * * ."

Numerous witnesses, including two of the county commissioners of Wasco County, gave testimony that state highway No. 39, if constructed, would accommodate an extensive territory and a large number of people residing in Wasco and Sherman Counties and at more distant points. Plaintiff disputes that testimony in respect to the extent of the territory to be served thereby, and asserted that not more than five persons living to the southwest of the state bridge would use, or be accommodated by, the construction and completion of state highway No. 39. Plaintiff testified that he had, for more than ten years, maintained the road across his land and leading to his toll-bridge for the accommodation of the traveling public crossing said bridge, and that he had, at his own expense, kept the same in repair during the period mentioned.

Some evidence was introduced showing that on several occasions, county road supervisors of Wasco County had done work upon the road and charged the cost thereof to the county, but no evidence was furnished, showing that the road had ever been established or laid out as a county road, or officially claimed to be such a road, or that the same had been

dedicated by the plaintiff or his predecessors as a public road, and it did not appear that the use of the road, although extending over a long period of years, had been hostile or adverse to the rights of plaintiff, or inconsistent with his claims of ownership in the road.

The statutes prescribing the duties and powers of the State Highway Commission vest that body with extensive powers and a broad discretion in the matter of designating, defining and improving state roads. The powers thus conferred upon the Commission include the authority to adopt, designate and define as state highway, such roads as, from time to time, the Commission may deem of sufficient public importance, and to improve, better or pave the roads or routes so designated and defined (§§ 4483, 4496, Or. L.), also the authority to acquire rights of way and material for the construction of such roads by the exercise of the power of eminent domain, in the manner and under the circumstances provided by the statutes: Section 4436, Or. L.; *Rockhill* v. *Benson,* 97 Or. 176, 182 (191 Pac. 497).

In the case last cited, Mr. Justice BENNETT, referring to the authority and powers conferred upon the Highway Commission by Chapter 423, Laws of 1917, which have been extended and enlarged by subsequent acts, said:

"The act of 1917 provides for a general system of state highways, consisting of trunk roads along the main routes of travel and commerce, with branch lines extending out into every portion of the state. It provides for a highway commission, whose power, authority, and duty is not confined to any one person or thing, or to any one county or place, but are general and extend to every hamlet and neighborhood in the state.

1. If, as claimed by plaintiff, the use or benefit which the public will enjoy or derive from the road in controversy, after the completion of the Columbia River Highway, is limited to the inhabitants of a small locality, and the number of persons who are expected to avail themselves thereof is small, nevertheless the Highway Commission possessed the power to establish the road and take land for the same.

It is not essential to the exercise of the powers of the Commission, in the adoption and improvement of a state road, that the use or benefit shall extend to the whole public or to any considerable portion thereof, nor does the exercise of these powers depend upon the length of the road or the number of persons through whose lands it may pass: 20 C. J. 558, 559; *Bridal Veil Lbr. Co.* v. *Johnson,* 30 Or. 205 (46 Pac. 790, 60 Am. St. Rep. 818, 34 L. R. A. 368); *Sullivan* v. *Cline,* 33 Or. 260 (54 Pac. 154); *Towns* v. *Klamath County,* 33 Or. 225 (53 Pac. 604); *Fanning* v. *Gilliland,* 37 Or. 369 (61 Pac. 636, 62 Pac. 209, 82 Am. St. Rep. 758).

Whether the Commission is empowered to establish a road for temporary use need not be determined, as, manifestly, the road which they defined and established in view of the existing conditions was a permanent public highway.

2, 3. It was clearly within the power of the Highway Commission to designate, define and adopt, as a state highway, the road in question, and to condemn a right of way for the same. Whether, under the circumstances, the road should have been established and improved, was a matter entirely within the discretion of the Highway Commission. No abuse of that discretion appearing from the record, this court cannot interfere to control the same: *Dallas* v. *Hal-*

*lock,* 44 Or. 246, 254 (75 Pac. 204); *State* v. *Hawk,* 105 Or. 319, 327 (208 Pac. 709, 209 Pac. 607); 1 Lewis, Eminent Domain (3 ed.), § 370.

4. The objection that the terminus of the road does not connect with the public highway or a place of public resort does not deprive it of the character of a public road, or invalidate the proceedings for its establishment: 20 C. J. 562; *Goodwin* v. *Heathersfield,* 43 Conn. 437, 447; *Rice* v. *Rindge,* 53 N. H. 530; *Bridal Veil Lbr. Co.* v. *Johnson, supra.*

5. Plaintiff testified that at his invitation, the road across his lands and leading to his toll-bridge has been used by the public continuously for many years. He was engaged in maintaining the toll-bridge and the road leading thereto at the time of the institution of this suit and at the time of the trial, and it is not to be supposed that he will withdraw the invitation so long extended to the public to use the road. If he does revoke that invitation and attempts to close his road to the use of the public, both the County Court of Wasco County and the Highway Commission have authority to appropriate a right of way for a public road and re-establish connection between state road No. 39 and a road open to travel by the public: *Rockhill* v. *Benson,* 97 Or. 176, 189 (191 Pac. 497).

6. Plaintiff makes the further claim that the complaint in the condemnation action shows that the only purpose for taking plaintiff's land was to provide a temporary road around the section of the Columbia River Highway under construction between The Dalles and the Deschutes River, and he argues that the right of the state to take his land must be determined from the averments of that complaint, rather than upon the pleadings and the evidence in the instant suit. We think plaintiff's position in this re-

spect is unsound. This suit was not brought to test the sufficiency of the complaint in the condemnation action; plaintiff's equities must be determined from the whole record as made in the suit brought to protect those equities and the weakness of the complaint in the action, the prosecution of which is sought to be restrained, cannot be relied upon to defeat, limit or restrict proper defenses to plaintiff's claims to the protection of a court of equity.

It follows from the foregoing discussion that the decree of the Circuit Court must be affirmed, and it is so ordered.                                    AFFIRMED.

McBRIDE, C. J., and BEAN and HARRIS, JJ., concur.