JAMES TERWILLIGER, Respondent, *v.* MULTNOMAH COUNTY, Appellant.

Error not affecting Substantial Rights.—A judgment should not be reversed on account of erroneous instructions to the jury, when it appears from the verdict that no substantial right of the appellant was injured thereby.

Appeal from Multnomah County.

The facts are stated in the opinion of the court.

*Raleigh Stott, Prosecuting Attorney,* for appellant.

*Hill, Durham & Thompson,* for respondent.

By the Court, Prim, C. J.:

The respondent appealed from an order of the county court of Multnomah county, the effect of which order was to establish and direct the opening of a road across certain lands owned by the respondent, and denying to the respondent any damage for injury to his land, or any compensation for the land appropriated for the purpose of establishing the road. The cause having been tried by the circuit court, the jury found a verdict for respondent for five hundred dollars damages, and four hundred and fifty dollars for the value of the land taken, upon which the court rendered judgment. From this judgment appellant has appealed to this court. The only error assigned in this case is that the court erred in its instructions to the jury. The court instructed the jury as follows:

1. That the jury must find a verdict for the appellant for

the amount of the value of the land taken by the proposed road, without reference as to whether the said road would be a benefit or damage to the said appellant.

2. That the jury, in estimating damages and benefits to the appellant resulting from the opening of the proposed road, should not alone take into consideration the question as to whether the land of appellant would sell for more or less than it would in small parcels or otherwise without the road. They were not to presume without proof that the appellant wanted to sell his land, or was obliged to sell his land; they should rather presume that he held it for his own use, and would appropriate it to such uses as it was suitable for, and the chief consideration for the jury is what benefits or injuries would result from the said road in respect to these uses by the appellant; as, for example, whether the said road would render his land more or less convenient to his uses; whether the road occasioned more or less fencing, would interfere with water, courses or springs, or otherwise interfere with or facilitate the enjoyment by appellant of his estate. A supposed or actual enhancement of market price of the land was not a criterion of benefits unless the owner desired to sell.

These instructions, we think, were erroneous, for the reason that the jury were required to find a verdict for respondent for the value of the land taken for the proposed road, without taking into consideration any benefits that might arise out of the opening of said road to respondent. The rule adopted by the statute is that the jury "shall assess and determine how much less valuable the premises of the claimant will be rendered by the opening of the proposed road." And in order to determine that fact, it was necessary to ascertain the value of the land before the road was opened and its value after it was finished and ready for the use of the public.

But we deem it unnecessary to further notice this point, as this question has been fully settled in the case of *Putnam* v. *Douglas County,* decided at this term.

We are of the opinion, however, that the judgment in this case should be affirmed, notwithstanding the erroneous in-

structions of the court for the reason that it appears from the verdict found by the jury, that no substantial right of appellant was injured thereby.

The jury found that the land taken for the proposed road was of the value of four hundred and fifty dollars, and in addition thereto that the adjoining land of respondent was damaged five hundred dollars, consequently there were no benefits which could have been deducted from the value of the land, if the jury had been so instructed. No error having been committed in this case affecting a substantial right of appellant, the judgment of the court below is affirmed.

Judgment affirmed.