Argued 4 February, decided 1 March, 1904.

LESLEY v. KLAMATH COUNTY.

[75 Pac. 709.]

ADDRESS OF PETITION FOR PUBLIC ROAD—JURISDICTION.

1. The address of a petition for the establishment of a public road is immaterial if it is entitled in the proper tribunal: For example, where a petition for a road is entitled "In the County Court of the State of Oregon, County of K.," the fact that it is addressed to the county judge and commissioners by their names and titles of office does not affect the jurisdiction of the court.

VIEWERS MUST LOCATE EITHER A ROAD OR GATE AS PETITIONED FOR.

2. Under B. & C. Comp. §§ 4966, 4967*, providing that when it shall appear to the county court that the residence of any person is not reached by a public road, viewers shall be appointed to locate a county road thirty feet wide or a gateway not less than ten feet wide, according to the application, it is not optional with the viewers to locate either a road or gateway, but they must view and locate the easement petitioned for.

REQUIRED PROXIMITY OF ROAD TO RESIDENCE OF PETITIONER.

3. Under Section 4966, B. & C. Comp., providing for viewing and locating a county road from the residence of the petitioner to a public road, it is not necessary to begin the road at the very house, but it may be so located as to afford convenient access to the premises.

PRESUMPTION OF CORRECTNESS OF RULING OF TRIAL COURT—APPEAL.

4. The evidence being conflicting as to the actual location of a road established by the county court, it will be presumed on appeal that it was located as provided by the statutes.

CONSTRUCTION OF PETITION.

5. Where a petition for the establishment of a public road under B. & C. Comp. § 4966, shows that a roadway was formerly open from a corner of petitioner's premises to a county road, but it is not alleged that this was a road of public easement, or a public road of any kind, or that it has been closed by authority of court, the petition cannot be regarded as one for the vacation of a former road.

From Klamath : HENRY L. BENSON, Judge.

The County Court of Klamath County having established a public road as petitioned for by Caleb T. Oliver, a review was prosecuted by Geo. L. Lesley and Geo. W.

---

* NOTE.—This case was tried before Sections 4966 and 4967, B. & C. Comp., were repealed: Laws 1903, p. 262. A copy of these sections follows.—REPORTER.

4966. Whenever it shall appear to the county court of any county of this State by the sworn petition of any person that the residence of such person is not reached by any convenient public road heretofore provided for by law, and that it is necessary that the public and such person shall have ingress and egress from the residence of such person, the county court shall thereupon appoint three (3) disinterested freeholders of the county as viewers, and cause an order to be issued directing them to meet at a time therein specified (not less than ten days from the making of such order) and view out and locate a county road thirty (30) feet in width, or a gateway not less than ten nor more than thirty feet in width, from the residence of such person to some other public road, steamboat landing, or railroad station, according to the application, and to assess damages to be sustained thereby, a copy of which order shall be served upon the persons through whose land said road or gateway shall pass within four days after the making of such order.

4967. Said viewers shall meet upon the day mentioned in said order, and shall proceed to locate and mark out a public road or gateway from some certain point on the premises of the applicant to some certain point upon another public road or gateway, or steamboat landing or railroad station, so as to do the least damage to the land through which such road or gateway is located, and shall assess the damages sustained by the persons owning such lands.

Offield to the circuit court. The writ was dismissed, where-
upon the proceeding was brought to this court.

                                        AFFIRMED.

For appellants there was a brief over the name of *A. L.
Leavitt,* with an oral argument by *Mr. Fred H. Mills.*

For respondent there was a brief and an oral argument
by *Mr. J. C. Rutenic.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is an appeal from the judgment of the circuit
court dismissing a writ of review from the county court of
Klamath County from a proceeding entitled "In the Mat-
ter of the Petition of Caleb T. Oliver, for a Road of Public
Easement." Some questions are made as to the regularity
of the appeal and of the service of the writ of review from
the county court so as to give the circuit court jurisdiction
in the premises, but these may be passed over, and the case
disposed of on its merits, as in either view the result would
be the same.

1. The first objection insisted upon by the appellants is
that the county court was only authorized and empowered
to entertain the proceeding upon a petition addressed to
the county court of Klamath County, whereas the one in
question was addressed to Hon. L. F. Willits, county judge,
Fred Melhase and H. T. Anderson, county commissioners.
By a stipulation of the parties, which accompanies the
record, it appears that the petition was entitled "In the
County Court of the State of Oregon, County of Klamath."
Being so entitled, it is immaterial whether it was addressed
to the county court or to the individual members thereof,
or in either capacity, as at most it could constitute an irreg-
ularity only, not affecting the jurisdiction of the court to
entertain the proceeding.

2. The petitioner prayed that viewers be appointed to
view out and locate a county road thirty feet in width from

the residence of the petitioner to the county road theretofore established along the west line of sections 12 and 13, township 41 south, range 10 east, so as to do the least damage to the land through which the road is located, and to assess damages, etc. The order of the court appointing the viewers followed the prayer of the petition, directing them to view out and locate a county road thirty feet in width. The second objection is directed to this order, because it did not leave it discretionary with the viewers to locate either a county road or a gateway. The question presented depends upon the provisions of Sections 4966 and 4967, B. & C. Comp. Properly construed, the petitioner is authorized to petition for either a road or a gateway, and it is not optional with the viewers to establish which they may choose, but they must view out the easement prayed for, and as directed by the county court, so as to do the least damage to the land through which it may pass.

3. The order appointing viewers directed them to meet at the residenc of Caleb T. Oliver, or the northwest corner of the east half of the west half of section 13, township 41 south, range 10 east, and view out and locate a county road thirty feet in width from the residence of said Caleb T. Oliver to the county road specified in the petition. The viewers report that they located the road, beginning at the said northwest corner of the east half of the west half of section 13, and running thence west 10 chains on Lesley's land; thence north 1.25 chains; thence west 10 chains on land occupied by Bert Davis to an intersection with the county road. A plat accompanies the report, which indicates that the beginning point of the road is not at the residence of Caleb T. Oliver, but is distant therefrom an eighth of a mile, if not further. Upon this state of the record it is contended that the county court was unauthorized to approve the report and direct the establishment and opening of the road as laid, because, it is argued, the

road does not extend from the residence of the petitioner to some public road. It was the intendment of the statute (Section 4966, B. & C. Comp.) to provide a road of public easement to and from the residence of the petitioner. This is for the benefit of the public as well as for the petitioner, and any road that does not afford this privilege is without the purview of the law. It is not believed, however, to be necessary to a practical and full exercise of the privilege that the road should begin at the very dooryard of the residence of the petitioner. It is sufficient for the purpose that it gives convenient entrance to the premises of the petitioner in proximity to the residence, so that access to and from the same by the public is assured. This is apparent when the succeeding section is read in connection with this one.

4. There is some controversy as to the distance of the residence from the point of beginning, the plat of the viewers showing it to be an eighth of a mile or more, but no measurement appears to have been made by the surveyor. Upon the other hand, the petition represents that it is near the point of beginning. The county court was in a position to determine as to this matter, it being one of fact, and, having directed an establishment of the road, we must presume that the conditions of the law have been fulfilled in that particular.

5. It is next and lastly contended that the petition was, in effect, for the vacation of the former road, as well as for the establishment of this one. The petition simply shows that a roadway was kept open, leading from the northwest corner of petitioner's premises to the county road, but it is nowhere alleged that this was a road of public easement, or a public road of any nature, or that it was closed by authority of the county court; so that the inference is that it was but a private way, which had been

otherwise closed to the petitioner and the public. The point is without force.

. These considerations lead to an affirmance of the judgment of the court below, and it is so ordered.

AFFIRMED.