Decided 18 December, 1906.

### SHANNON v. MALHEUR COUNTY COURT.

87 Pac. 1045.

HIGHWAYS—DUTY OF VIEWERS—PETITION AND ORDER.

Under Laws 1903, pp. 262, 269, §§ 20 and 21, providing for the opening of roads or gateways to isolated residences, the petitioner must ask for one or the other, but the county court must decide which one is appropriate, and the viewers must view the easement ordered—the discretion as to nature of the easement rests with the court and not with the viewers.

From Malheur: GEORGE E. DAVIS, Judge.

Writ of review by John Shannon against the county court of Malheur County and others. From a judgment for defendants, plaintiff appeals.                                    REVERSED.

For appellant there was a brief over the name of *King & Brooke*, with an oral argument by *Mr. William Henry Brooke*.

For respondents there was a brief over the name of *Albert Newman Soliss*.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a writ of review to test the validity of the order and judgment of the County Court of Malheur County in the matter of the location of a road of public easement over and across the lands of the plaintiff, and comes here on appeal from the judgment of the court below affirming the rulings of the county court.

The proceedings are had under Sections 20 to 24, inclusive, of the road law of 1903: Laws 1903, p. 269. These sections are

substantially the same as Sections 4075 to 4079, inclusive, of Hill's Ann. Laws 1892, as amended in 1899 : Laws 1899, p. 164. It is earnestly insisted that the law is unconstitutional and void because it provides for the taking of private property without due process of law and for private purposes. A similar law was held constitutional in *Towns* v. *Klamath County,* 33 Or. 225 (53 Pac. 604), and in *Sullivan* v. *Kline,* 33 Or. 260 (54 Pac. 154). The validity of such legislation has since been recognized: *Fanning* v. *Gilliland,* 37 Or. 369 (61 Pac. 636, 62 Pac. 209) ; *Lesley* v. *Klamath County,* 44 Or. 491 (75 Pac. 709) ; *Kemp* v. *Polk County,* 46 Or. 546 (81 Pac. 240). But it is unnecessary for us to re-examine the question at this time, as the judgment must be reversed on other grounds.

Neither the petition for the location of the road nor the order of the county court appointing the viewers and directing them to meet at the time stated to view out and locate such road specifies whether the proposed easement shall be a county road 30 feet in width or a gateway of a specified width, and not less than 10 nor more than 30 feet wide. That matter is left optional with the viewers—a power which it was held in *Lesley* v. *Klamath County,* 44 Or. 491 (75 Pac. 709), could not be exercised by them. The proceedings in the case referred to were had under the law now in question. The petitioner prayed that viewers be appointed to view out and locate a county road 30 feet in width, and the order of the county court followed the prayer of the petition. Objection was made to the proceedings on the ground that they did not leave it discretionary with the viewers to locate either a county road or a gateway, as in their judgment might seem best. The court held the objection without merit, saying: "The question presented depends upon the privisions of Sections 4966 and 4967, B. & C. Comp. Properly construed, the petitioner is authorized to petition for either a road or a gateway, and it is not optional with the viewers to establish which they may choose, but they must view out the easement prayed for, and as directed by the county court, so as to do the least damage to the land through which it may pass." In this case the viewers were not required to view out and

assess the damages sustained by the location of a definite ease-
ment, but were directed to "view out and locate a county road
or gateway not less than ten nor more than thirty feet in width,"
and to assess the damages sustained, thereby leaving it optional
with them whether they should locate the one or the other.  The
petitioner for the location of the road should have specified in
his petition the easement desired, and the county court should
have determined the one to be located and directed the viewers
to proceed accordingly.  Because neither the petition nor the order
of the county court complied with the statute the proceedings are
void.                                          REVERSED. .

Decided 17 July, rehearing denied 28 August, 1905.
**WEST *v.* HIGGINS.**
81 Pac. 582.

From Multnomah: ARTHUR L. FRAZER, Judge.