Argued October 20, decided October 26, 1909.

IN RE SAGE.

YORAN v. SAGE.

[104 Pac. 428.]

EMINENT DOMAIN — PETITION FOR ROAD—GATEWAY — EXPENSE OF FENCING.

1. Laws 1876, p. 25 (Hill's Ann. Laws 1892, § 4075), provided for the opening of "roads of public easement." Laws 1899, page 164 (Section 4966, B. & C. Comp.), provided for a county road thirty feet wide, or a gateway not less than ten nor more than thirty feet wide. Laws 1903, p. 269, § 20, provided that a board of county viewers should locate the road, and as amended by Laws 1907, p. 255, provided for a road not exceeding sixty feet wide, or a gateway not less than ten nor more than thirty feet wide, to be viewed out and located by a board of county viewers. *Held,* that where a county road "and" gateway were petitioned for, but the lower courts recognized the proceedings to be for the establishment of a gateway, and not for an open road, and so established it, the expense of fencing the road was not an element of the damages suffered by the owners of the land through which the road passes.

COSTS—DEPENDENT ON STATUTE—SPECIAL PROCEEDINGS.

2. Where a special proceeding for the condemnation of land for public purposes is provided by statute, and no provision is made for recovery of costs, none can be awarded; but, where the question of damages has been tried out as in an ordinary action at law, the general laws on the subject of the costs will prevail, so that where in such case the decision of the circuit court has been affirmed on appeal, respondent is entitled to costs.

From Lane: LAWRENCE T. HARRIS, Judge.

This was a proceeding commenced in the county court of Lane County, Oregon, by S. A. Sage and Ella V. Neal, for the purpose of obtaining a road and gateway from their premises across the lands of D. E. Yoran, J. W. Kays, and David Linn. From an order and judgment establishing a road and gateway and awarding damages to Yoran, Kays and Linn, they appealed to the circuit court, and from the judgment there rendered, they again appeal.                                           AFFIRMED.

For appellants there was a brief over the names of *Messrs. Woodcock & Potter,* with an oral argument by *Mr. Edwin O. Potter.*

For respondent there was a brief over the names of *Messrs. Williams & Bean,* with an oral argument by *Mr. John M. Williams.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is an appeal from a judgment of the county court of Lane County, Oregon, assessing damages in favor of applicants in a proceeding establishing a road of public easement. The petition of Sage and Neal, for the establishment of a road and gateway was filed in such court, on July 5, 1907, under the provisions of section 20 of the road law of 1903 (Laws 1903, pp. 262, 269), as amended by the act of 1907 (Laws 1907, p. 255).

The petitioners pray for the location and establishment of "a county road and gateway, not less than 10 nor more than 30 feet wide, and that the same be 30 feet wide, from the residence and timber of your petitioners," namely, from lots 4 and 5, and 6 and 7, in section 20, township 18 S., range 3 W., to the county road near the northwest corner of lot 10 in section 17. Upon the same day the county court ordered the board of county road viewers to "view out and locate a county road and gateway, not less than 10 nor more than 30 feet wide," as prayed for, and to assess the damages that may be sustained thereby. On July 30, 1907, the viewers filed

their report, to the effect that they had selected the route, described in the report as "the proposed road of public easement, 30 feet wide," and assessed the damages to Yoran, Kays, and Linn at $100, and recommended "that the parties praying for the road be required to only keep up gates on property lines." Thereafter, on August 9, 1907, the county court made an order "that the said roadway and gateway be, and the same is hereby established according to said report and the survey," and allowed Yoran, Kays, and Linn damages in the sum of $100, which was paid to the court, and the court ordered that gates be established and maintained on property lines, from which order, for the allowance of damages, Yoran, Kays, and Linn appealed to the circuit court, where the issue, as to the amount of damages suffered by them, by reason of the establishment of such road and gateway, was tried before a jury, resulting in a verdict in their favor of $98.20. From the judgment thereon, and for costs against them, Yoran, Kays, and Linn appeal to this court.

1. There are but two questions for consideration, viz: Whether the expense of fencing the roadway should have been submitted to the jury, as an element of the damages; and whether the costs were properly awarded against appellants. In order to understand the elements involved in the question of damages it is well to understand the history of the law providing for such road or gateway. The original law was enacted in 1876, and provided only for "roads of public easement" (Laws 1876, p. 25; Hill's Ann. Laws 1892, § 4075), which only contemplated an open public road. In 1899 (Laws 1899, p. 164 [Section 4966 B. & C. Comp.]) this law was amended; the only change being to provide for "a county road thirty (30) feet in width, or a gateway not less than 10 nor more than 30 feet in width," instead of "a road of public easement." The law of 1903 (Laws 1903, p. 262) is only an amendment of the act of 1899; the change being that the board of county viewers shall

locate the road, instead of the special viewers provided
in the original law. It must be noticed that the amend-
ment of 1899 does not provide for "a roadway and gate-
way," but for a county road 30 feet wide, or a gateway
not less than 10 nor more than 30 feet wide. If a county
road is petitioned for, then is must be an open road, ano
must be fenced, and this raises the question for the
viewers to determine the damages to the owner of the
land in consequence of having his farm divided by a fence,
and the various elements of inconvenience arising there-
from, as well as the value of the land taken. *Terwilliger*
v. *Multnomah County,* 6 Or. 295; *Putnam* v. *Douglas
County,* 6 Or. 328; (25 Am. Rep. 527). If the fence
must be built and maintained by the owner of the land,
this also would be for their consideration, but possibly
by the terms of section 24 of the act of 1903 (Laws 1903,
p. 270) the expense of building and maintaining the
fence would be a charge upon the land to which the
easement is apurtenant. That question, however, is not
before us. If a gateway is petitioned for, no fencing is
contemplated, and the only element of damages would be
the value of the land taken and the loss and inconvenience
occasioned by travel over the land; the erection and main-
tenance of the gates being at the expense of the petitioner.

In *Lesley* v. *Klamath County,* 44 Or. 491 (75 Pac. 709)
and *Shannon* v. *Malheur County,* 48 Or. 617 (87 Pac.
1045), it is held that the petitioner should pray for one
of the other of these roads, and not for both, as was done
in this case. Nor should it be for a "road or gateway."
But if the petition is in the disjunctive, the court shall
determine which may be considered. However, the regu-
larity of the proceeding in this case has not been ques-
tioned. An appeal from the assessment of damages only
is taken, and both the county court and the circuit court
recognized the proceeding as for the establishment of a
gateway and not an open road, and so established it.
Therefore the expense of fencing cannot be considered

as an element of damages, because none is contemplated.

2. As to the question of costs, it is said in *McCall* v. *Marion County*, 43 Or. 540 (73 Pac. 1031: 75 Pac. 140), that where a special proceeding for condemnation of land for public purposes is provided by statute, and no provision is made for recovery of costs, they cannot be awarded. This rule would apply to the special proceeding to condemn. But in allowing the costs in that case it is said, that when the question of damages must be tried out as in an ordinary action at law, the general laws on the subject of costs will prevail; and, that being the situation here, respondents were entitled to their costs.

The judgment of the lower court is affirmed

AFFIRMED.