Decided 12 January, 1903.

### STATE *v.* DURPHY.

[71 Pac. 63.]

POLYGAMY—ALLEGING MARRIAGE RELATION AS EXISTING.

1. Under B. & C. Comp. § 1918, providing that if any person having a former husband or wife living shall marry another person, or live and cohabit with another person as husband or wife, such person shall be deemed guilty of polygamy, an information for that offense must show that the former spouse was still living and at the time stated still was spouse to the person charged.

INFORMATION FOR POLYGAMY—DUPLICITY.

2. An information for polygamy, under B. & C. Comp. § 1918, charging that the accused, having a wife, feloniously married another woman in Illinois, and thereafter feloniously cohabited with her in Oregon, does not charge two crimes,—the second marriage and cohabitation,—for a marriage in another state would not be an offense against the laws of Oregon.

CONSTRUCTION OF INFORMATION FOR POLYGAMY.

3. An information charging that a stated person married a woman in Massachusetts, "and, while she was still his wife," feloniously married another woman in the State of Illinois, and subsequently cohabited with the latter in Oregon, does not charge the crime of polygamy in Oregon, inasmuch as the phrase, "and while she was still his wife," refers to the time of marriage, and not to the cohabitation in Oregon: *State* v. *Abrams*, 11 Or. 169, distinguished.

From Multnomah: ALFRED F. SEARS, JR., Judge.

The defendant, Bradley F. Durphy, was convicted of the crime of polygamy upon an information, the charging part of which is as follows:

"The said Bradley F. Durphy, on the 15th day of March, A. D. 1874, in the County of Plymouth, State of Massachusetts, did marry one S. S. Bosworth, and her the said S. S. Bosworth then had for his wife, and the said Bradley F. Durphy, being so married as aforesaid to the said S. S. Bosworth, afterwards and during the life of S. S. Bosworth, and while she was still his wife, did on the 20th day of July, A. D. 1887, unlawfully and feloniously marry one Margaret Ryan, in the County of Cook, in the State of Illinois, and thereafter he, the said Bradley F. Durphy, moved with the said Margaret Ryan to the City of Portland, County of Multnomah, State of Oregon, and did in said City of Portland, County of Multnomah, State of Oregon, on the 15th day of August, A. D. 1898, and for a long time prior thereto, then and there being, then and there unlawfully and feloniously live and cohabit with her the said Margaret Ryan as his wife, the said S. S. Bosworth being then alive;" and from the judgment which followed he appeals.                                   REVERSED.

For appellant there was a brief over the names of *Cicero M. Idleman, Franklin P. Mays,* and *Robert W. Galloway,* with an oral argument by *Mr. Idleman* and *Mr. Mays.*

For the state there was a brief and an oral argument by *Mr. Geo. E. Chamberlain,* District Attorney, and *Mr. George H. Durham.*

MR. JUSTICE WOLVERTON, after stating the facts in the foregoing terms, delivered the opinion.

1. At the trial of the cause there was an objection interposed on the part of the defendant to the introduction of evidence by the prosecution upon two grounds: (1) That the information charges two crimes; and (2) that it does not charge any crime,— which was overruled, and at the conclusion thereof the court was requested to direct the jury to return a verdict of not guilty, but without success, and error is predicated upon the action of the court in these particulars. By these proceedings the sufficiency of the information is challenged, and we will direct our inquiry

to the single question as to whether a crime is charged therein, as it is, in the view we have taken of the matter, decisive of the case. The strong insistence of the defendant is that the information is deficient in that it is not alleged that at the time the defendant is said to have lived and cohabited with Margaret Ryan, in Multnomah County, State of Oregon, the said S. S. Bosworth was then his wife. The state conceding the information to be inartistically drawn, contends that a portion of it should be stricken out as surplusage, namely, the words and figures, "did on the 20th day of July, A. D. 1887, unlawfully and feloniously marry one Margaret Ryan, in the County of Cook, in the State of Illinois, and thereafter he, the said Bradley F. Durphy, moved with the said Margaret Ryan to the City of Portland, State of Oregon, and"; and that what remains would be all that is essential to state a crime. The information would then read, after stating defendant's marriage with Bosworth, as follows: "And the said Bradley F. Durphy, being so married as aforesaid to the said S. S. Bosworth, afterwards and during the life of the said S. S. Bosworth, and while she·was still his wife, did in said City of Portland, County of Multnomah, State of Oregon, on the 15th day of August, A. D. 1898, and for a long time prior thereto, then and there being, then and there unlawfully and feloniously live and cohabit with her, the said Margaret Ryan, as his wife, the said S. S. Bosworth being then living, contrary to the statute," etc. Any person having a former husband or wife living who shall marry another person, or live and cohabit with another person as husband or wife, is deemed guilty of polygamy: B. & C. Comp. § 1918. It is indispensable under the statute to show that the former husband or wife, as the case may be, is not only living, but is still, or was at the alleged time of the commission of the offense, the husband or wife of the accused, for it may have

transpired that the parties were in the meantime lawfully divorced, and the fact should so appear in the information: *State* v. *McCrum*, 38 Minn. 154 (36 N. W. 102).

2. Now, to analyze the information, it is manifest that the pleader did not intend to charge a crime by alleging that the defendant did unlawfully and feloniously marry Margaret Ryan in the State of Illinois, because the act would not be an offense against this commonwealth, but that the gravamen of the information is contained in the allegation that he lived and cohabited with Margaret Ryan, in Multnomah County, State of Oregon, and hence the information does not charge the commission of two offenses. The former allegation was meant no doubt as an inducement to the latter, by showing the second marriage of the defendant, and to whom, namely, Margaret Ryan, the latter making reference to her as "the said Margaret Ryan." The words, "and while she (S. S. Bosworth) was still his wife," relate, and were so intended by the pleader, to the time of the defendant's marriage to Margaret Ryan, in the State of Illinois, and not to the time of his living with her in said County of Multnomah. So that, if the inducement is to be eliminated, these words must go with it, and the information would then be undoubtedly bad. It would be unwarrantable, it seems to us, to thus change the relation of a clause of the information, thereby giving it an entirely different signification ; or, rather, to so transpose the clause with reference to the context as to make it apply to the gravamen of the offense, when in its natural position, and as designed by the pleader, it could have no such relevancy. Such a rule would be promotive of irregularity, and perhaps injustice, as it might be misleading as to the specific crime charged, and the defendant be left without adequate preparation for his defense. Hence we are impelled to hold that the information does not charge the crime of polygamy under the statute. We have examined

the case of *State* v. *Abrams*, 11 Or. 169 (8 Pac. 327), and others cited by the state, but they do not reach the vice attending the present information.

The judgment of the trial court will, therefore, be reversed, and the cause remanded for such other proceedings as may seem proper, not inconsistent with this opinion.

REVERSED.

Decided 2 June, 1903.