Argued 13 April, decided 12 June, 1905.

### KEMP v. POLK COUNTY.

81 Pac. 240.

ROAD OF PUBLIC EASEMENT TO RESIDENCE—REFUSAL TO CONFIRM REPORT OF VIEWERS FOR INADEQUACY OF DAMAGES.

1. Under Section 22 of the act of 1903, relating to the establishment of roads from existing legal public roads to isolated residences (Laws 1903, pp. 262, 269), the county court cannot refuse to confirm the report of the viewers because the damages allowed are inadequate, where that fact must be shown by evidence.

SUFFICIENCY OF PETITION FOR ROAD TO PRIVATE RESIDENCE.

2. A petition for the location of a road from an existing legal public road to an isolated residence under Laws 1903, pp. 262, 269, § 20, need not contain any facts or statements other than those required by the statute.

REPORT OF VIEWERS AS TO LOCATION OF ROAD TO RESIDENCE.

3. Under Section 21 of the act of 1903, relating to the laying out of a road from an existing legal public road to an isolated residence, the viewers need not locate such road on the most desirable route, since the statute does not so require.

From Polk: REUBEN P. BOISE, Judge.

Statement by MR. JUSTICE BEAN.

This proceeding was instituted by Mary Kemp against Jos. W. Brown and Polk County, in the county court of said county, under Section 20 of the road laws of 1903 (Laws 1903, pp. 262, 269), for the location of a public road or gateway from the residence of the petitioner through and across the land of the defendant to a public highway. Upon the filing of the petition the county court ordered the board of county road viewers to

meet at a specified time, and view out such road or gateway, and assess the damages which defendant would sustain thereby. A copy of the order was served on the defendant, and on the day designated the viewers proceeded to view and lay out a public road or gateway 16 feet wide from the residence of the petitioner through and across the land of the defendant to the county road, and assessed his damages in the sum of $100. The report of the viewers was filed on the 21st of November, 1903, and on the 24th of that month the petitioner paid in full the cost of locating the road, and deposited with the county clerk for the defendant the sum of $100, the amount of damages assessed to him. On December 3d the defendant appeared in the county court and moved to set aside the report of the viewers on the grounds: First, that the petition for the location of the road was insufficient to authorize the appointment of viewers; second, that the road as located does not conform to the statute, because it does not give the public ingress to and egress from the petitioner's residence; third, that the report of the viewers does not show that ingress to or egress from the residence of the petitioner to a public highway could not be had through land other than that of the defendant, with less damage to him, and with greater convenience to the public and to the petitioner; and, fourth, that the report is unjust, and not in conformity with the law. This motion was sustained on the ground and for the reason that the report of the viewers was unjust, but overruled in every other respect. The petitioner thereupon moved for an order requiring the viewers to again view and locate a road and assess the damages, but this was denied, and the proceeding dismissed. The matter was thereupon brought to the circuit court by writ of review, where the order of the county court was reversed, and the cause remanded, with directions to confirm the report of the viewers, and order the gateway located. From this judgment the defendant appeals.                AFFIRMED.

For appellant there was a brief over the names of *John H. McNary,* District Attorney, *W. H. Holmes* and *Webster Holmes,* with an oral argument by *Mr. William Henry Holmes.*

For respondent there was a brief over the names of *Oscar Hayter* and *Earl C. Bronaugh,* with an oral argument by *Mr. Hayter.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The principal question on this appeal is whether a county court can refuse to confirm the report of viewers appointed to assess damages to a landowner in the matter of the location of a road of public easement on the ground that, in its opinion, the damages assessed are inadequate, when that fact does not appear from the face of the report, but must be shown by evidence aliunde. This same question was presented and decided in *Fanning* v. *Gilliland,* 37 Or. 369 (61 Pac. 636, 62 Pac. 209, 82 Am. St. Rep. 758), and that decision is controlling here. That, like this, was a proceeding for the location of a road of public easement. On the coming in of the report of the viewers appointed to assess damages to the lands over which the road was to be located, the landowners appeared and objected to the confirmation of the report, and asked that they be allowed to produce evidence that it was unjust. This was denied, and on appeal to this court the decision was affirmed; the court saying: "Nor do we think that the objectors were entitled to a hearing upon the justice [justness] of the viewers' report. That is a matter to be determined from the report itself, and it cannot be disputed by any method not prescribed by statute." The Fanning case was based on a consideration of Section 4077 of Hill's Ann. Laws of Oregon of 1892, but that section was subsequently embodied in the road law of 1903, without amendment or change, so far as the question involved is concerned, and therefore must receive the same construction. A significant fact in this connection is that by the act of 1903, the legislature provided or attempted to provide for an appeal to the county court from the assessment of damages by the road viewers in the location of a public county road, but omitted to do so in roads of public easement, thus indicating an intention not to disturb in that class of cases the rule laid down in the Fanning case.

2. Objection is made to the sufficiency of the petition for the location of the road, because it is said that it does not appear that

the premises of the petitioner are not accessible from some public thoroughfare, or that the gateway petitioned for is on the most accessible or desirable route. The petition conforms to the requirements of the statute. It describes the location of the residence of the petitioner, states that such residence is not reached by any convenient public road heretofore provided for by law and that it is necessary that the public and the petitioner should have ingress to and egress from the residence of such petitioner, described the route of the proposed road, the land over which it is to be located, and the ownership of such land. This is as much as the statute requires, and is sufficient: Section 20, Laws 1903, pp. 262, 269; *Towns* v. *Klamath County*, 33 Or. 225 (53 Pac. 604).

3. Nor is it necessary that the report of the viewers show that the road located by them is on the most accessible or desirable route. They are required by law to locate a road "so as to do the least damage," and this fact appears from the report.

AFFIRMED.