Argued September 8, affirmed September 21, 1915.

# STATE v. LOCKE.*

(151 Pac. 717.)

**Bigamy—Lascivious Cohabitation—Statutes—"Polygamy."**

1. Section 2073, L. O. L., declaring guilty of "polygamy" a person who, having a former husband or wife living, shall marry another, or live and cohabit with another as husband or wife, and providing a punishment, which may be imprisonment in the penitentiary, is not repealed and supplanted by Section 2075, providing punishment, as a misdemeanor, if any man and woman, not being married to each other, shall lewdly or lasciviously cohabit or associate together; the second section not defining the same offense as the first, but proof being required under the first not required under the second.

[As to what constitutes bigamy, see note in 93 Am. Dec. 252.]

**Indictment and Information—Allegations—Place of Offense.**

2. An indictment charging that defendant, in the county of L. then and there being, and having a wife living in P., then and there cohabited with another woman as his wife, charges the commission of the crime in L., and not in P.

**Witnesses—Competent—Wife—Bigamy.**

3. Section 1535, L. O. L., as amended by Laws of 1913, page 351, providing that in prosecutions for polygamy the wife of accused shall be a competent witness, and may testify against him, and without his consent, as to the fact of marriage, does not limit her testimony to the marriage ceremony.

[As to proof of former marriage in prosecutions for bigamy, see notes in 47 Am. St. Rep. 228; 106 Am. St. Rep. 768.]

**Criminal Law—Reception of Evidence—Scope of Objections.**

4. The objection of defendant in polygamy to his wife testifying, except to the fact of marriage, is not sufficient to raise the objection of the generality of her subsequent testimony that she is married to him.

**Criminal Law—Documents in Other State—Authenticating Copies.**

5. The certification of a copy of the record of a marriage license and certificate in a county of another state, by the clerk of the Circuit Court of such county, under the seal of the court, to be correct copies of such instruments as they appear of record, with the appended certificate of the judge thereof that the copy was made and issued

---

*As to husband or wife as witness against the other in prosecution for bigamy, see note in 2 L. R. A. (N. S.) 862.

As to presumption of validity of former marriage in prosecution for bigamy, see note in 9 L. R. A. (N. S.) 1036.

For admissibility of judgment in civil action as proof of, former marriage on trial for bigamy, see note in 26 L. R. A. (N. S.) 464.

REPORTER.

in due form, and that the certifying officer was the clerk, and the person having the legal custody of the original, being in compliance with Section 766, subdivision 7, L. O. L., relating to proof of documents in a sister state, renders the evidence competent.

### Criminal Law—Documents in Other State—Authenticating Copies.

6. Any necessity of proof of the statute of another state authorizing such a record, before a certified copy of the record of a marriage license and certificate therein can be introduced, is satisfied by the statement of the judge in his appended certificate that the certifying clerk was the legal custodian of the original.

### Names—Presumption—Identity of Person.

7. Identity of the name of defendant in polygamy with the name in a marriage certificate introduced in evidence primarily connects him with the marriage, under Section 799, subdivision 25, L. O. L., giving as a disputable presumption identity of person from identity of name.

### Bigamy—Presumption—Validity of Former Marriage.

8. The presumption is generally in favor of the validity of a former marriage, absent evidence to the contrary.

### Criminal Law—Admission—Marriage—Divorce Decree.

9. Introduction by defendant in polygamy of a copy of a decree of divorce, of him from another is an admission of his having been married to such person.

### Courts—Record—Failure to Show Jurisdiction.

10. A decree of a court of general jurisdiction setting aside its decree of divorce, being presumed to have been rightfully given, is admissible, though it does not show that notice of the application to open the decree was served; lack of jurisdiction neither appearing on its face nor being shown.

### Criminal Law—Evidence Admissible by Reason of Other Evidence.

11. Defendant in polygamy having introduced a decree of divorce, the state may introduce one setting it aside, though incidentally it shows his unfairness in obtaining his decree by stealth.

### Bigamy—Former Marriage—Evidence.

12. Evidence on a prosecution for polygamy *held* sufficient to prove a valid former marriage of defendant.

### Bigamy—Cohabiting—Evidence.

13. Evidence on a prosecution for polygamy *held* sufficient to authorize a finding of defendant, having a wife, living and cohabiting with another as his wife.

From Lane: LAWRENCE T. HARRIS, Judge.

Department 2.   Statement by MR. JUSTICE BEAN.

On October 23, 1914, John A. Locke, the defendant, was indicted for the crime of polygamy.

The charging part of the indictment is as follows:

"That the above-named John A. Locke, defendant, on the 25th day of March, A. D. 1914, in the county of Lane, State of Oregon, then and there being, and having a wife then living, to wit: One Jessie A. Locke, who was then and who had been for a long time previous thereto living in Portland, Oregon, did then and there, and while she, the said Jessie A. Locke, was still the wife of him, the said John A. Locke, wrongfully, unlawfully and feloniously live and cohabit with another woman, to wit: With one Nellie Gilmore as the wife of him the said John A. Locke, contrary to the statutes," etc.

A trial was had before a jury, resulting in a verdict and judgment of conviction. Defendant appeals.

AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. M. Vernon Parsons* and *Mr. Ralph A. Watson.*

For the State there was a brief over the names of *Mr. Joseph M. Devers,* District Attorney, and *Mr. J. F. Brumbaugh,* with an oral argument by *Mr. Devers.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. It is the position of counsel for defendant that Section 2073, L. O. L., which inhibits polygamy in the following language, to wit:

"If any person having a former husband or wife living shall marry another person, or live and cohabit with another person as husband or wife, such person shall be deemed guilty of polygamy."

—was repealed by Section 2075, L. O. L. The former section directs a punishment by imprisonment in the penitentiary or county jail or by fine. The latter section provides for a punishment as a misdemeanor:

"If any man and woman, not being married to each other, shall lewdly or lasciviously cohabit or associate together."

Both sections were enacted in 1864. It is argued that the latter numbered section defines the same act as is defined in the former. The fact that the offense described in Section 2075 might contain some of the elements of the crime defined in Section 2073 does not warrant the conclusion that the latter is supplanted by the former. The intent of Section 2073 is to preserve the sanctity of the marriage relation. Polygamous relations are a crime not included in the provisions of Section 2075. To prove an infraction of the statute against polygamy would require different evidence than that required in a case of lewd or lascivious cohabitation: *State* v. *Donahue*, 75 Or. 409 (144 Pac. 755). The contention of defendant's counsel cannot be upheld in this respect. Both statutes have stood the test since 1864. The statute prohibiting bigamy in this state has not been repealed.

2. It is next submitted on behalf of defendant that the indictment does not charge any offense in Lane County, but that, if any offense is charged, it is an offense in Portland. With this claim we cannot agree. A reading of the accusation is sufficient to inform defendant that he is charged in the usual language with the commission of a crime in Lane County. *State* v. *Durphy*, 43 Or. 79, 82 (71 Pac. 63), relied upon by defendant's counsel, is not in point.

3, 4. Upon the trial, Mrs. Jessie Locke, the wife of defendant, was called as a witness for the state. Counsel for defendant objected to this witness testifying, except as to the fact of the marriage. The court

sustained this objection.   The witness then testified as
follows:

"Q. State whether or not you are married to the
defendant.
"A. Yes.
"Q. When?
"A. The 2d of November, 1897.
"Q. Where?
"A. Economy, Indiana, Wayne County."

All other evidence of this witness was excluded.
Counsel for defendant now insists that the admission
of the answer to the question quoted above was error;
that the same came within the objection and ruling.
No additional specific objections to the question or
motion to strike out the evidence was made.   Section
1535, L. O. L., as amended by Laws of Oregon of 1913,
page 351, provides *inter alia:*

"That in all criminal actions for polygamy or adul-
tery, the husband or wife of the accused, shall be a com-
petent witness, and shall be allowed to testify against
the other, and without the consent of the other, as to
the fact of marriage."

It is the claim of defendant that the wife could only
testify as to the marriage ceremony.   The point is not
well taken.   The objection of counsel was not specific
enough to direct the mind of the trial court to the
objection now contended for.   The evidence introduced
is permitted by the statute.   The question raised is
only one of phraseology.   If the general statement of
the witness as to the fact of marriage was unsatisfac-
tory to defendant, it should have been challenged by
cross-examination or otherwise.   There was no error
in this respect.

5–8. The state, over objection and exception of de-
fendant's counsel, introduced in evidence a certified

copy of the record of a marriage license and certificate, in Wayne County, Indiana. It is maintained by defendant's counsel that the copy was not properly certified and that it was not connected with defendant. The documents are certified by the clerk of the Circuit Court of Wayne County, Indiana, under the seal of the court, to be correct copies of the marriage license and certificate of marriage of John A. Locke to Jessie A. McCall, on November 2, 1897, as the same appear of record. There is appended the certificate of the judge of that court to the effect that the certified copy of the marriage certificate was made and issued in due form and that the certifying officer was the clerk and the person having the legal custody of the original certificate. This is a compliance with subdivision 7 of Section 766, L. O. L., relating to proof of documents in a sister state, and rendered the evidence competent. The claim of defendant that the state should prove the statute of Indiana authorizing such record is satisfied by the statement of the judge of that state that the clerk was the legal custodian of the original. The evidence of the wife connects the defendant with the marriage on the date named in the marriage certificate. His name is identical with the name contained therein primarily leaving no room for mistake: Section 799, subd. 25, L. O. L. The presumption is generally in favor of the validity of a former marriage when there is no evidence to the contrary: 5 Cyc. 699.

9–11. The defendant introduced in evidence a copy of a decree of divorce of defendant from Jessie A. Locke, rendered by the Circuit Court for Clackamas County, May 11, 1914. This was an admission on the part of defendant that he had been married to the person named, and amply supplemented the other evidence

of marriage. In rebuttal the state offered in evidence a decree of the Circuit Court for Clackamas County, dated November 21, 1914, setting aside the decree of divorce of May 11th, for the reason that the affidavit for publication of summons was false and fraudulent; that the defendant's wife was within the state at the time, to affiant's knowledge; that Mrs. Locke had no notice or knowledge of the decree; and permitting her to answer. Defendant's counsel objected to the latter decree, upon the ground that it was prejudicial, and that the same did not show notice of the application to open up the decree was served upon the plaintiff in the divorce case, who is the defendant here, and saved an exception to its introduction, and also moved to strike the same out. Section 103, L. O. L., confers the power upon the court, in its discretion, at any time within one year after notice thereof, to relieve a party from a judgment, order or proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. A proceeding under this section is a direct proceeding, and the presumption is in favor of the validity of the decree: *Crabill* v. *Crabill*, 22 Or. 590 (30 Pac. 320); 14 Cyc. 722; *Evans v. Evans,* 60 Or. 195 (118 Pac. 177). There is no lack of jurisdiction of the court appearing on the face of the record introduced in evidence, and nothing to the contrary was shown.

"The judgment of a court of general jurisdiction is always presumed to have been rightly given, and its jurisdiction to have attached fully until the contrary is shown": 23 Cyc. 682.

There are exceptions, as where it is shown that the party to be served is a nonresident of the state: *Knapp* v. *Wallace,* 50 Or. 348 (92 Pac. 1054, 126 Am. St. Rep.

742).   Neither of the decrees referred to notes the
manner of service or the appearance of either party
or attorney.   The judgment-roll was not introduced by
either party, and the record in this case is not in a con-
dition to raise the question of service of process.   The
status of the marriage of John A. Locke and Jessie A.
Locke was a matter of inquiry in the case, and when
the defendant introduced the decree of May 11th the
state was entitled to show the true condition of the de-
cree, notwithstanding that the decree of November 21st
incidentally showed unfairness on the part of defend-
ant in obtaining the decree by stealth.   The whole mat-
ter was connected with the marital relation of defend-
ant and Jessie A. Locke, and evidently linked together
in the mind of defendant for the purpose of termin-
ating the offense, and formed a part of the same trans-
action: *State* v. *Baker,* 23 Or. 442 (32 Pac. 161); *Shaff-
ner* v. *Commonwealth,* 72 Pa. 60 (13 Am. Rep. 649);
Underhill, Criminal Evidence, §§ 87, 88.

It developed upon the trial that the defendant was a
conductor on a railroad train which ran between Port-
land and Eugene, having a wife living in Portland at
the time it is alleged he cohabited with another woman
as his wife in Eugene, and while so doing he obtained
a decree of divorce in another county upon publication
of summons as though his wife were a nonresident of
the state.   We do not discuss this matter at great
length, for the reason that the trial court in the charge
to the jury considered the decree of divorce as not void,
but voidable only, and instructed the jury that it was
a complete defense for all acts of the defendant com-
mitted on or after May 11, 1914, and that they should
consider only the acts of defendant committed prior
to that date.   This was as favorable to the defendant

as he had reason to ask, and practically nullified the effect of the November decree.

12, 13. At the close of the state's case, and also after all the evidence was introduced, counsel for defendant moved for a directed verdict of acquittal, and assigns as error the refusal to grant the same. Two main points are relied upon: (1) That the state failed to prove a valid former marriage of defendant to Jessie A. Locke; (2) that the state failed to prove that defendant had sexual intercourse with Nellie Gilmore prior to May 11, 1914. As to the former question we have alluded to a portion of the evidence. In addition to the direct evidence of the marriage given by Jessie A. Locke, and proof of the record of the license and marriage certificate, proof of subsequent cohabitation as husband and wife and the rearing of children was produced. Not only that; the defendant, by obtaining the divorce, admitted the marriage: See 5 Cyc. 700. Upon this point there was ample evidence for the jury. There was evidence by the state tending to show that defendant and Nellie Gilmore, during March and April, 1914, in Eugene, engaged and occupied two rooms furnished for light housekeeping, with one bed; that defendant lived and cohabited there with Miss Gilmore when not on or at the other end of his run on the railroad. The circumstances tended strongly to show that they cohabited as man and wife, occupied the same bed, and had sexual intercourse. Defendant represented generally that the woman was his wife. At the end of April they engaged and occupied other similar rooms in the same manner. There was evidence from which the jury might believe beyond a reasonable doubt that defendant, while having a wife living, lived and cohabited with another woman as husband and wife, in

violation of the statute.   There was no error in deny-
ing the request for a directed verdict of acquittal.

As we find no error in the record, the judgment of the
lower court is affirmed.                          AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BENSON and
MR. JUSTICE EAKIN concur.