# RE APPLICATION OF HUMPHREY BARTON. HOLLAND–WASHINGTON MORTGAGE CO. *v.* HUMPHREY BARTON AND HOOD RIVER COUNTY.

### (225 Pac. 322.)

**Private Roads—What Constitutes "Nearest Point Practicable on Public Road" Depends on Situation Presented to Viewers.**

1. In locating a road from an inaccessible farm to the "nearest point practicable on a public road" under General Laws of 1919, page 672, such point depends on the situation presented to the viewers as shown by surrounding circumstances, and they may consider the particular use to be made of the road by the people of the community.

**Private Roads—Location of Road Held a "Point Practicable on a Public Road" Within Statute.**

2. Where viewers exercised their discretion when they located the terminus of a road at a point upon a highway that might be available for transporting fruit to market, it was a "point practicable on a public road" within General Laws of 1919, page 672.

**Eminent Domain—Instruction Held to Properly Present Question of Location of Proposed Road.**

3. In a proceeding to condemn land under General Laws of 1919, page 672, for the location of a roadway, an instruction that, if a convenient road could be laid out from the premises of plaintiff to a point practicable on a public road nearer than the point reached by the survey made by the viewers, then the road could not be opened, correctly submitted the question of the proper location of the road.

**Eminent Domain—No Error in Refusing to Define "Practicable" With Reference to Location of Proposed Road.**

4. In a proceeding to condemn land under General Laws of 1919, page 672, the court did not err in refusing to define the word "practicable" with reference to the location of the proposed road, where the jury viewed the premises and were acquainted with the country and the purposes to which the road would be put and had a common understanding of a practicable road.

**Evidence—Witness cannot Usurp the Province of the Jury.**

5. A witness cannot usurp the province of the jury.

**Appeal and Error—Ground of Objection Assumed in Trial Court to Admission of Testimony may not be Changed on Appeal.**

6. An objection to the answer of a question, whether the location of a proposed roadway was to the nearest point practicable

upon a public road, because "witness didn't view this particular land," could not on appeal be changed to an objection upon the ground that the question called for opinion evidence.

From Hood River: D. R. PARKER, Judge.

Department 2.

This is an appeal from a judgment in a statutory proceeding for the condemnation of land under the amended act of the legislature entitled, "An Act to amend Section 6307 of Lord's Oregon Laws, as amended by Chapter 30, General Laws of Oregon, 1913, relative to roads or gateways for lands not reached by convenient roadways." Laws 1919, Chap. 380 (Or. L., § 4610).

Humphrey Barton, the owner of a fruit farm situate in the famous Hood River Valley, petitioned for the location of a road of public easement over the adjoining orchard land owned by Holland-Washington Mortgage Company, hereinafter designated the "Company." The petition contained the usual allegations necessary to give the County Court jurisdiction in the matter of the location of a way of the character provided by the statute alluded to. The Company, across whose land the road was sought to be established, filed an answer controverting the allegations of the petition and report of the viewers, and alleged new matter for the purpose of defeating the proceedings. The issues formed were tried by the County Court and decided in favor of the petitioner, whereupon the Company appealed to the Circuit Court. This cause comes here on appeal by the Company from a judgment of the Circuit Court on a verdict rendered increasing the damages allowed it over the sum allowed by the County Court.

The Company asserts, on appeal, that the trial court committed error (1) in the matter of cross-ex-

amination of its witness P. P. Dabney over its objection; (2) in refusing certain instructions requested by it and in giving the first of such instructions in a modified form; (3) in allowing witnesses to give opinion evidence.                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wood, Montague & Matthiessen* and *Mr. P. P. Dabney,* with an oral argument by *Mr. R. W. Montague.*

For respondent Humphrey Barton there was a brief and oral argument by *Mr. Ernest C. Smith.*

For respondent Hood River County there was a brief over the name of *Mr. John Baker,* District Attorney.

BROWN, J.—Roads of public easement have been the subject of frequent legislation and some litigation in this jurisdiction. The legislative and judicial history in this state may be gathered by a perusal of the following references called to our attention by appellant's learned counsel: Act October 20, 1860, Deady Misc. Laws 1843–1872, c. 50, §§ 15–17; Laws 1876, p. 25; Laws 1899, p. 164; Laws 1903, pp. 262, 269, § 20; Laws 1907, c. 136; Laws 1911, c. 245; Laws 1913, c. 30; Laws 1919, c. 380; § 4610, Or. L.; *Witham* v. *Osburn,* 4 Or. 318 (18 Am. Rep. 287); *Towns* v. *Klamath County,* 33 Or. 225 (53 Pac. 604); *Fanning* v. *Gilliland,* 37 Or. 369 (61 Pac. 636, 62 Pac. 209, 82 Am. St. Rep. 758); *Lesley* v. *Klamath County,* 44 Or. 491 (75 Pac. 709); *Kemp* v. *Polk County,* 46 Or. 546 (81 Pac. 240); *Anderson* v. *Smith-Powers Logging Co.,* 71 Or. 276 (139 Pac. 736, L. R. A. 1916B, 1089).

In *Stafford* v. *Multnomah County D. Dist. No. 1,* 103 Or. 197, 204 (200 Pac. 158), we said:

"Condemnation proceedings are controlled by the statute in all jurisdictions. It is a principle of law so well settled as to need no citation that condemnation proceedings are purely statutory and in derogation of common right, and the statutory authority must be strictly pursued and every condition or other prerequisite to the exercise of the jurisdiction observed."

We will consider this cause with that principle in mind.

1, 2. The title of Chapter 380, General Laws of Oregon of 1919, is illuminating. The purpose of the act, as stated in the title, is to amend the previous law "relative to roads or gateways for lands not reached by convenient roadways." The body of this act, in part, provides:

"Whenever it shall appear to the county court * * by the sworn petition of any person, that the farm or residence of such person is not reached conveniently by any public road provided by law, and that it is necessary that the public and such person shall have ingress to and egress from the farm or residence of such person, the county court shall then appoint a board of county viewers * * and said commission shall then * * locate * * a * * road * * , having regard to all surrounding circumstances and conditions of the case, from the farm or residence * * to the nearest point practicable on a public road * * ."

We assume from the record before us that the viewers took into consideration all the circumstances and conditions confronting the situation and located such a road as is required by the public use. The viewers had a right to consider the particular use

to be made of that road by the people of the community.

What constitutes the nearest point practicable on a public road would depend upon the situation presented to the viewers, as shown by the surrounding circumstances and conditions. Both the title and the body of the act indicate that the road contemplated should be a convenient road; and a convenient road for a person with a buckboard or a saddle-horse might not be feasible in a neighborhood where they were engaged in growing and transporting fruits. The legislative body had in mind the different conditions that might confront the board of viewers in establishing a road, when it enacted that the road viewers, in locating the road, should have "regard to all surrounding circumstances and conditions of the case."

The viewers simply used the discretion vested in them by law when they located a terminus of the road at a point upon a highway that might be available for transporting fruit to market. That was a "point practicable on a public road" within the meaning of the statute.

3. Under the provisions of this statute, the question of proper location of the road was submitted to the jury under proper instructions by the court, and its verdict sustained the viewers. The court instructed the jury:

"If you find from the evidence that a convenient road could have been laid out from the premises of respondent Humphrey Barton to a point practicable on a public road nearer than the point reached by the survey made by the viewers, that such road cannot be opened in this proceeding, but your verdict in that event must be for the appellant, Holland-Washington Mortgage Company."

This instruction was a modification of one requested by the Company, and it properly advised the jury as to its duty in the premises.

4. The court did not err by refusing to define the term "practicable" as requested by appellant's instruction.

"The law does not require courts to define ordinary words and phrases. An intelligent juror understands what they mean, and an attempt to define words of an ordinary accepted meaning tends to mystify rather than enlighten." *Akin* v. *Bradley Engineering & Machinery Co.*, 51 Wash. 658, 662 (99 Pac. 1038).

The jury in the instant case, at the request of each party, viewed the premises and saw the roads. The jurors were acquainted with the geography of the country and the purposes and use to which the road would be put. Furthermore, they had a common understanding of what constitutes a practicable road.

The following illustrates the meaning of the word "practicable," as used in the statute:

"Practicable. An agreement to locate a railway station 'at the nearest practicable point' within a mile of a court house, was held not to intend the nearest possible point, but the nearest point at which the depot could be located at a reasonable and ordinary cost, with reference to all the circumstances under which the work was to be done, and in view of the object and purpose inducing the contract." Anderson's Law Dictionary, p. 797.

W. J. Barker, one of the witnesses, was asked the following question:

"I will ask you to state, in view of all the circumstances, whether or not the roadway in question, down the canyon, across the appellant's land, is the nearest, is a roadway from the Barton land to the nearest point practicable upon a public road."

It is argued with much force and reason that error was committed by permitting this question to be answered because the court allowed witness to offer his opinion as to the very fact to be determined by the jury.

5, 6. That a witness cannot usurp the province of the jury is well settled: *Dorn* v. *Clarke-Woodward Drug Co.*, 65 Or. 516 (133 Pac. 351); *Marks* v. *Columbia County Lbr. Co.*, 77 Or. 22 (149 Pac. 1041, Ann. Cas. 1917A, 306).

However, the only objection of record is:

"This witness didn't view this particular land.

"By the Court: He may answer, and allow an exception.

"A. A practicable road, I would consider, it is the only feasible way to make a road to the Barton ranch.

"Counsel: I move that the answer be stricken out, —he said nearest practicable road."

It has been written that—

"Unless evidence is, on its face, palpably not admissible for any purpose or under any circumstances, an objection thereto, in order that it may be sufficient, must specifically state the grounds or defects on which it is based, and * * an objection to evidence on a specific ground will not be sufficient to raise the objection that it is inadmissible on any ground other than that specified." 16 C. J. 877.

To like effect are *State* v. *Megorden*, 49 Or. 259 (88 Pac. 306, 14 Ann. Cas. 130); *State* v. *McPherson*, 70 Or. 371 (141 Pac. 1018); *State* v. *Locke*, 77 Or. 492 (151 Pac. 717); *State* v. *Merlo*, 92 Or. 678 (173 Pac. 317, 182 Pac. 153).

The bill of exceptions shows this question:

"I will ask you to state whether or not in view of all the circumstances you have testified to, and as

they actually exist, that you laid out a road, the road in question, in your opinion, from the Humphrey Barton farm to the nearest point practicable on a public road.

"By Counsel: I object on the same ground as to the question he asked before:

"By the Court: He may answer; allow our exception.

"By Counsel: I think your Honor sustained it before.

"By the Court: Now I am allowing it.

"A. Yes, sir, we did."

The record fails to show that any objection was taken to either of the two questions next preceding. The third preceding question is:

"Q. These county roads that you state exceed 10 per cent, are they newly constructed roads or roads that have been laid out a long time?

"By Counsel: It is immaterial whether they are new roads."

That objection cannot now be changed to an objection upon the ground that it calls for opinion evidence: *State* v. *Goddard,* 69 Or. 73 (133 Pac. 90, 138 Pac. 243, Ann. Cas. 1916A, 146); *State* v. *Von Klein,* 71 Or. 159 (142 Pac. 549, Ann. Cas. 1916C, 1054); *Filkins* v. *Portland Lbr. Co.,* 71 Or. 249 (142 Pac. 578); *Hoag* v. *Washington-Oregon Corp.,* 75 Or. 588 (144 Pac. 574, 147 Pac. 756); *State* v. *Merlo, supra.*

The testimony of the witness P. P. Dabney, given on cross-examination, was not harmful, and error cannot be successfully predicated thereon.

This case is affirmed.                    AFFIRMED.

McBRIDE, C. J., and BEAN and McCOURT, JJ., concur.