Argued October 30, 1967, reversed and remanded January 24, 1968

RAY ET UX, *Appellants, v.* DAVIS, *Cross-appellant,*

and

JOHNSON, *Respondent.*

436 P. 2d 741

*Alex M. Byler,* Pendleton, and *Wm. A. Galbreath,* Milton-Freewater, argued the cause for appellants. On the briefs were Wm. A. Galbreath and Corey, Byler & Rew.

*Gene B. Conklin,* Pendleton, argued the cause for cross-appellant. With him on the brief was R. P. Smith, Pendleton.

*J. T. Monahan,* Milton-Freewater, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and O'CONNELL, GOODWIN, DENECKE, HOLMAN and WOODRICH, Justices.

O'CONNELL, J.

This is a proceeding instituted by plaintiffs to obtain a statutory way of necessity over the land of defendants. Plaintiffs appeal and defendant Davis cross-appeals from a decree of the circuit court for Umatilla county remanding the case to the county court for further proceedings.

Plaintiffs filed a petition with the county clerk of Umatilla county praying for a statutory way of necessity from their farm to a public road. (ORS 376.105 to 376.145). The petition alleged that plaintiffs' farm was not reached conveniently by any public road and that it was necessary that plaintiffs and the public have ingress to and egress from the farm. The county court appointed a board of county viewers pursuant to ORS 376.105.[1] The viewers located a way, assessed damages, and made their report to the county court

---

[1] ORS 376.105. "Whenever it appears to any county court by the sworn petition of any person that the farm or residence of such person is not reached conveniently by any public road provided by law, and that it is necessary that the public and such

in accordance with the procedure prescribed by ORS 376.110.[2]

The board of county viewers reported that plaintiffs' farm could not be reached conveniently by any public road and that it was necessary that plaintiffs and the public have ingress to and egress from plaintiffs' farm. The report contained a description of the road located by the viewers and assessed damages at $46.25.

Defendants filed answers to plaintiffs' petition and the report of the viewers, denying each of the allegations in the petition and controverting the conclusions reached by the viewers in their report. This was done pursuant to ORS 376.115, which provides:

"(1) Any person owning land across which a

person have ingress to and egress from the farm or residence of such person, the county court shall:

"(1) Appoint a board of county viewers.

"(2) Cause an order to be issued directing the viewers to meet at a time therein specified, not less than 10 days from the making of the order.

"(3) Make an order notifying the person owning the land across which the roadway or gateway is to be established, notifying him of the time and place of the meeting, if he is a resident of the county. * * *."

[2] ORS 376.110. "The board of county road viewers shall:

"(1) Meet upon the day mentioned in the order of the county court.

"(2) View out, locate and mark out either a suitable public road not exceeding 60 feet wide, or a gateway not less than 10 nor more than 30 feet wide, or both, as may be found best by the viewers, having regard to all surrounding circumstances and conditions of the case and so as to do the least damage to the land through which the road or gateway is located, from the farm or residence of such person to the nearest point practicable on another public road, gateway, steamboat landing or railroad station.

"(3) Assess the damages sustained.

"(4) Make a report to the county court at its next regular session of the public road or gateway located, the amount of damages assessed and the persons entitled to such damages."

roadway or gateway is sought to be established under ORS 376.105 and 376.110 may file an answer:

"(a) Controverting any allegation of the petition or report of the viewers; and

"(b) Alleging any new matter calculated to defeat the proceeding, which allegations may be controverted by the petitioner.

"(2) The issues formed shall be tried by the county court.

"(3) If the county court is satisfied that the report of the viewers is just, it shall, after payment within 20 days by the petitioner of the costs of the viewers and the damages assessed, order the report to be confirmed and recorded as such, and declare the road or gateway to be a public road or a perpetual right of way."

A hearing was held before the county court and an order was entered reciting that plaintiffs were entitled to a way of necessity but the court designated a road at a location different from that designated by the board of county viewers. The court ordered plaintiffs to construct and maintain a fence along the roadway and fixed damages at $500.

Defendant Davis appealed to the circuit court for Umatilla county from the order of the county court. The case was tried in the circuit court without a jury. The circuit court held that (1) plaintiffs were entitled to a statutory way of necessity, (2) the route selected by the board of county viewers was impracticable and therefore was properly disapproved by the county court, (3) the county court was without authority to substitute a new route and change the amount of damages. The circuit court entered a judgment ordering the matter be remanded to the county court for further proceedings. Plaintiffs appeal from this judgment and defendant Davis cross-appeals.

The question on appeal is whether the county court is authorized under the statutes to modify the report of the board of county viewers or whether the court has authority only to confirm or reject the viewers' report.

The problem arises because of the ambiguity in ORS 376.115. This section permits the landowner across whose land a roadway is sought to "file an answer controverting any allegation of the petition or report" and to allege "any new matter calculated to defeat the proceeding," which allegations may, in turn, be controverted by the petitioner for the roadway. The statute then provides that "the issues formed shall be tried by the court." Without more, this would seem to indicate that the county court was to have the power to make its own determination of the location of the way and to assess damages for the taking. But the statute goes on to provide that "If the county court is satisfied that the report of the viewers is just, it shall * * * order the report to be confirmed and * * * declare the road or gateway to be a public road or a perpetual right of way." The statute is silent as to the county court's power in the event it finds the report of the viewers is unjust and cannot be confirmed. The trial court interprets the statute to mean that the county court has the power only to confirm or reject the viewers' report and cannot modify it. We must decide whether this construction of the statute is correct.

■■ The construction of the statute is made especially difficult because of the dual character of the county court and the nature of the questions which are presented in establishing a statutory roadway. The county court is both a legislative and a judicial organ of government. Its work is predominantly legislative in

character and its judicial powers and duties constitute a relatively small part of its function.

■ The establishment and location of roads has long been regarded as a legislative function. On the other hand, the determination of the damages resulting from the taking of property for road purposes is a judicial function. The history of ORS 376.105 to 376.145 reveals the legislative effort from time to time to allocate these two functions between the county court and the circuit court. In revising the statute the legislature failed to remove certain language appropriate to the old statute but inappropriate to the statute as amended.

The change in the statutes may be described broadly as follows. Originally the statutes authorizing the establishment and location of ways of necessity were designed to vest in the county court legislative powers only. Neither the person petitioning for the roadway nor the landowner was entitled to a trial in the county court on the question of the necessity for the roadway, the appropriateness of its location, or the amount of damages resulting from its establishment. These issues were reserved for disposition by the circuit court upon an appeal from the county court.[8]

---

[8] LOL § 6309 (1910) provided as follows:

"The board of county road viewers shall make a report to the county court, at the [next] regular session, of the public road or gateway so located, and the amount of damages assessed by them, if any, and the person or persons entitled to such damages; and if the county court is satisfied that the report is just, and after the payment by the petitioner of the cost of locating such road or gateway, and the damages assessed by the viewers, the county court shall order such report to be confirmed and declare such road or gateway to be a public road or a perpetual right of way, and the same to be recorded as such; and any person aggrieved by the assessment, may appeal within twenty days after the confirmation of such report to the circuit court."

In 1919 the statutes were amended (Or Laws 1919, ch 380) to confer upon the county court jurisdiction to try these issues previously reserved to the circuit court. This amendment and its relation to the previous adjudications under the prior statute is well explained in a note by Donald S. Richardson in 19 Or L Rev 171, 175-76 (1940):

"* * * The last addition to the statute [the 1919 amendment] was a provision entitling the owner of the land to be crossed by the road applied for to file an answer controverting any allegation of the petition or report of the viewers and alleging any new matter calculated to defeat the proceeding, which allegations might be controverted by the petitioner, the issues formed to be tried by the county court, with either the petitioner or the landowner being given the right to appeal to the circuit court. Prior to the addition of this provision, it had been held that the questions of whether or not the residence of the petitioner could be reached by any public road, whether it was necessary that the public and the petitioner have access to the residence, and whether the damages assessed by the viewers were adequate, were not issuable in the sense that they could be tried by the county court, on the grounds that such questions were legislative in character, and that consequently the procedure set forth by the Legislature for the ascertainment of such facts could be pursued without a hearing, since provision was made for a hearing upon the ultimate question of damages—such provision here being of course the right of appeal to the circuit court. Fanning v. Gilliland, 37 Or. 369, 61 Pac. 636, 67 Pac. 209 (1900); Kemp v. Polk Co., 46 Or 546, 81 Pac. 240 (1905)."

It is apparent from this history of the statute that by the 1919 amendment the county court was vested with the judicial power to try all of the issues relat-

ing to the establishment of a so-called statutory way of necessity, including the assessment of damages.

■ It is contended by defendants that in the exercise of its power the county court is permitted to decide only whether the report of the county viewers is just or unjust and to confirm or reject it and that the court has no power to modify it. In support of this argument defendants rely upon statements in treatises on eminent domain to the effect that in most jurisdictions courts have the power only to accept or reject the reports of road viewers or commissioners and have no power to modify such reports.[⊛] These statements relate to the power of a court to review the road viewers' or commissioners' assessment of damages. In the cases supporting that view the damages were fixed by the road viewers or commissioners only after notice and hearing. Under such circumstances the report submitted to the court on the question of value is said to be in the nature of a verdict of a jury. Treating it as such after notice and hearing is defensible. But when the procedure calls for the assessment of damages by the viewers without affording a hearing to those affected (which is the procedure provided for in our statutes), the viewers' decision is not a judicial determination of the damages and its report to a court should not be regarded as a limitation upon the court's power to try that issue when it is properly raised.

ORS 376.115 permits the parties to present to the county court the issue of damages as well as other issues arising out of the proceedings to establish a statutory road of necessity. The statute then provides that "The issues formed shall be tried by the county

---

[⊛] 6 Nichols on Eminent Domain, § 26.5314 at 382 (1965); 2 Lewis, Eminent Domain, § 781 at 1386 (1909).

court." As we previously indicated, this would seem to empower the county court to make its own determination of the issues and, if necessary, modify the viewers' report. But, why then, does the statute provide only for the confirmation of the report in the event that the viewers' report is found to be just— why is there no provision describing the county court's power if the report is found to be unjust?[5]

We think that the omission of a provision covering the latter situation was due to legislative oversight in drafting the 1919 amendment. A provision for the modification of the viewers' report was unnecessary under the procedure established prior to the 1919 amendment. Under that procedure the county court could not take evidence on any of the questions raised by the parties with respect to the conclusions contained in the viewers' report.[6] Without evidence forming the basis for modification, the court would have no power to modify the report and therefore could only confirm it or reject it. When the court was given the power in the 1919 amendment to take evidence and try the issues, there then was a basis for making a modification of the report but the draftsman of the 1919 amendment simply failed to adjust that part of the statute relating to the court's power after reviewing the viewers' report.

■■ In the present case the county court had the power to enter the order substituting a new route and increasing the amount of damages fixed by the board of county viewers. Upon appeal to the circuit court the issues decided by the county court were subject to re-

[5] Likewise, ORS 376.120 providing for an appeal to the circuit court from the decision of the county court, provides only for an appeal "after the confirmation of the report."

[6] Kemp v. Polk County, 46 Or 547, 81 P 240 (1905).

view. The circuit court did not decide these issues but remanded the case to the county court. Therefore, the cause must be remanded to the circuit court for further proceedings under which the issues mentioned in ORS 376.115 can be tried. Neither party shall recover costs.

Reversed and remanded.