Argued May 6, affirmed September 10, 1969

RAY ET AL, *Respondents, v.* DAVIS, *Appellant,*
and
JOHNSON, *Respondent.*
458 P2d 679

*Gene R. Conklin,* Pendleton, argued the cause for appellant. With him on the briefs was R. P. Smith, Pendleton.

*Wm. A. Galbreath,* Milton-Freewater, and *George H. Corey,* Pendleton, argued the cause for respondents Ray. On the brief were Corey, Byler & Rew, Pendleton, and Wm. A. Galbreath, Milton-Freewater.

*J. T. Monahan,* Milton-Freewater, argued the cause for respondent Johnson. On the brief were Monahan & Grove, Milton-Freewater.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This proceeding was initiated by plaintiffs to obtain a statutory way of necessity under ORS 376.105 et seq. The case was tried to the court without a jury. Defendant Davis appeals from a judgment granting a way of necessity over his land.[1]

In the trials before the County Court and the Circuit Court various methods of establishing ingress and

---

[1] This is the second appeal. In Ray v. Davis, 249 Or 1, 436 P2d 741 (1968), we reversed the judgment and remanded the cause for further proceedings.

egress from plaintiff's land to a public road were considered. Three methods were dealt with in considerable detail; these were described as (1) the Homestead Route which crossed defendant Davis' land and which was designated as the statutory way of necessity first by the County Court and finally by the Circuit Court; (2) the Berney Grade Route which crossed land of both defendant Davis and defendant Johnson, and (3) the Johnson Farnstead Route which crossed defendant Johnson's land and not defendant Davis' land.

■ We are of the opinion that there was sufficient evidence to support the trial court's designation of the Homestead Route as the statutory way of necessity. The trial judge's reasoning, which we adopt, is set forth in his memorandum opinion, the pertinent parts of which are as follows,

"This proceeding is in the nature of an appeal from the order of the County Court. Numerous exhibits were introduced to assist the Court in making a determination. A view of the areas involved was made and considerable testimony taken to discover an appropriate route. Defendant * * * Davis contended throughout the hearing that the plaintiffs had an easement by way of necessity across the property of the defendant Johnson by virtue of a previous joint ownership of the * * * Ray and Johnson property. It was apparent from the testimony, however, that if a way ever existed, the same has been extinguished by abandonment through non-use or by the adverse possession of the defendant Johnson.

"Another way which received consideration was referred to as the Berney Grade. It would serve no useful purpose to review the testimony in detail, but to utilize this route it would be necessary to build at

least one bridge, possibly more, over a creek subject to frequent flash floods, and would require substantial excavation either by blasting or by the use of heavy equipment to establish the grade over the rock bluffs north of Cottonwood Creek. The plaintiffs are not limited in their remedy to a road suitable to only farm machinery but are entitled to a road which may be utilized by the public for all weather passenger car travel. The expense which would be involved in the construction of the so called Berney Route, or variation of the same recommended by the Board of Viewers in their report to the County Court, is so substantial that it eliminates this route from practical development.

"The third possible route is the one which was established by the County Court in its order modifying the report of the Board of Viewers. As this route skirts, in the main, the cultivated land of the defendant and is primarily confined to rocky grazing land, it appears to the Court that this affords the best possibility for a development of a public road with the least expense to the plaintiffs and negligible injury to defendant Davis. Some contention was made that if the stubble on the Davis property was grazed by cattle a fence along the route of the road would make it impracticable for the cattle to reach the creek for water. This does not appear to be an insurmountable problem. The testimony discloses that the property has not been grazed by cattle for over twenty years and the property is not now used for this purpose. With the construction of gates and cattle guards this difficulty could be overcome.

"It is the opinion of the Court that the route described in the order establishing the right of way signed by the County Court on July 12, 1966 should be affirmed in all respects including the allowance to the

defendant Davis of the sum of $500 as damages for the taking."

Defendant contends that the judgment is so worded that it grants to plaintiffs a *private* right of way over the land of defendant and that this is contrary to the statute which provides only for a *public* road or gateway.[2]

■ It is clear from the trial court's opinion that the judgment was intended to establish a way under the statute. We so construe the judgment.

Defendant finally contends that the trial court erred in denying defendant's motion for a judgment on the pleadings on the ground that the affirmative allegations set forth in defendant's answer were not controverted by plaintiff and must therefore be taken as true. Plaintiff did not file a reply in the County Court. The Circuit Court granted plaintiff's motion for leave to file a reply at the conclusion of the trial.

Defendant argues that since the new matter in the answer was not controverted by the filing of a reply in the County Court the Circuit Court must accept such uncontroverted allegations as true. This argument is based upon the premise that the only issues triable in the Circuit Court are those which are formed in the proceedings before the County Court and therefore no further pleadings may be filed in the Circuit Court. It is not necessary for us to decide whether

---

[2] The judgment reads as follows:

"1. That the Petitioners-Respondents, Janice Felhberg Ray (sometimes known as Janice Fehlberg Ray) and Richard Ray be, and they are hereby granted a way of necessity and perpetual right of way and the same is hereby declared and established from lands owned by them as described in their petition on file herein to a public road along that certain route known as the Homestead Route of a width of 50 feet, the same being more particularly described as follows, to-wit: [property description omitted]."

there is such a limitation upon the Circuit Court's power to permit the further delineation of issues including filing of a reply.

■■ The County Court's order itself reveals that it was made only after a consideration of the new matter alleged in defendant's answer. It is doubtful whether such "new matter" was anything more than a specific way of alleging a general denial, in which case no reply would be necessary. But assuming that an affirmative defense was interposed, the County Court's order shows that this defense was considered by the court in reaching its conclusion and making its order. That being so it would be highly technical to hold that the Circuit Court could not allow the pleadings to be made to conform to the issues originally formed. An even more conclusive answer to defendant's contention is the principle announced in our previous cases that when a case is tried as if the affirmative matter contained in the answer had been put in issue (as it was in the present case), defendant is deemed to have waived the necessity of filing a reply.[9] We hold that defendant's assignment of error is without merit.

The judgment of the trial court is affirmed.

---

[9] Fritz v. Fritz, 179 Or 612, 174 P2d 169 (1946) and cases cited therein.