Argued and submitted January 19, reversed and remanded March 23, 1983

In re Linda E. Johnson,
Applicant/Petitioner,
PALFY et al,
*Appellants,*
*v.*
PAULSON et al,
*Respondents.*

(30754; CA A25244)

660 P2d 710

Harold D. Gillis, P.C., Eugene, argued the cause and filed the brief for appellants.

Richard L. Isham, Deschutes County Legal Counsel, Bend, waived appearance for respondents Robert C. Paulson, Jr., Albert A. Young and Clay C. Shepard, constituting the Board of Deschutes County Commissioners.

Robert S. Lovlien, Bend, argued the cause for respondent Linda E. Johnson. With him on the brief was Gray, Fancher, Holmes & Hurley, Bend.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Appellants appeal from an order of the Deschutes County Circuit Court dismissing their appeal from an order of respondent Board of County Commissioners of Deschutes County (the Board) that established and located a way of necessity across appellants' land and fixed the amount of compensation and attorney fees to be paid to appellants. The circuit court dismissed the appeal on the ground that appellants should have petitioned the circuit court for a writ of review pursuant to ORS 34.010 *et seq.*

Appellants appealed to the circuit court pursuant to ORS 376.175(4), which provides:

> "(4) Any party to the action for a way of necessity *may contest any part of the order of the county governing body in an appeal filed with the circuit court* within 30 days after entry of the order of the county governing body." (Emphasis supplied.)

Respondents asserted in the circuit court that review of the Board's order is exclusively by writ of review. They rely on ORS 203.113 which provides:

> " * * * [T]he decisions of a county court made in the transaction of county business shall be reviewed only as provided in ORS 34.010 to 34.100, and not otherwise",[1]

and ORS 34.020 which provides:

> " * * * [A]ny party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100, and not otherwise. Upon a review, the court may review any intermediate order involving the merits and necessarily affecting the decision or determination sought to be reviewed."[2]

---

[1] "Except for a proceeding resulting in a land use decision as defined in section 3, chapter 772, Oregon Laws 1979, for which review is provided in sections 4 to 6, chapter 772, Oregon Laws 1979, as amended by sections 35 to 36a, chapter 748, Oregon Laws 1981, the decisions of a county court made in the transaction of county business shall be reviewed only as provided in ORS 34.010 to 34.100, and not otherwise." ORS 203.113.

[2] "Except for a proceeding resulting in a land use decision as defined in ORS 197.015, for which review is provided in sections 4 to 6, chapter 772, Oregon Laws 1979, as amended by sections 35 to 36a, chapter 748, Oregon Laws 1981, any party to any process or proceeding before or by any inferior

Because appellants did not petition the circuit court for a *writ of review* within 60 days of the Board's order, but instead *appealed* to the circuit court within 30 days, respondents argue that the court below correctly dismissed the appeal.

In their notice of appeal to the circuit court, appellants asserted that co-respondent Johnson, who petitioned for the way of necessity, was the wrong petitioner; that there was no necessity for the way; and that the Board failed to: give proper notice of the proceedings, designate properly the beneficiaries of the way of necessity, make necessary findings of fact, describe accurately the location and width of the way of necessity, name all the persons jointly and severally liable for any costs to be paid and give compensation in the correct amounts. Appellants asked the circuit court to deny the way of necessity, return the matter to the board for further proceedings or, if a way of necessity were to be granted, establish appropriate compensation.

The predecessor to ORS 376.010 *et seq,* covering ways of necessity, was first enacted in 1860. Or Laws 1845-1864, ch XVII, §§ 15, 16, 17. *See* Comment *Private Roads - Statutory Way of Necessity - Oregon Law,* 19 OLR 171 (1940). The law was held unconstitutional in 1873, because it provided for private property to be taken for private use. *Witham v. Osburn,* 4 Or 318, 18 AR 387 (1873). In 1876, the legislature enacted a new law which provided that ways of necessity are county or public roads. Hill's Annotated Laws of Oregon (1887), §§ 4075 through 4078.[3] Section 3 of the 1876 Act (Hill's Annotated Laws of Oregon (1887)), § 4077 provided in part:

> "The viewers, or a majority of them, shall make a report to the county court, at its next regular session, of the public road so located, and the amount of damages assessed by them, if any, and the person or persons entitled to such damage; and if the county court is satisfied that such

---

court, officer, or tribunal may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100, and not otherwise. Upon a review, the court may review any intermediate order involving the merits and necessarily affecting the decision or determination sought to be reviewed." ORS 34.020.

[3] The 1876 Act was held constitutional in *Towns v. Klamath County,* 33 Or 225, 53 P 604 (1898).

report is just, and after payment by the petitioner of the costs of locating such road and the damages assessed by the viewers, the court shall order such report to be confirmed, and declare such road to be a public road, and the same shall be recorded as such; *and any person aggrieved by the assessment may appeal, within twenty days after the confirmation of such report, to the circuit court.*" (Emphasis supplied.)

Before 1919, any landowner across whose land a way of necessity was established could appeal *only* the assessment of damages to the circuit court. A proceeding by writ of review was necessary to raise the legality of the establishment of the way of necessity. *Fanning v. Gilliland,* 37 Or 369, 61 P 636, 62 P 209, 82 AS 758 (1900). In 1919, the legislature amended the way of necessity statutes to provide in part as follows:

"Any person owning land across which a roadway or gateway is sought to be established under the provisions of this section may file an answer controverting any allegation of the petition or report of the viewers and alleging any new matter calculated to defeat the proceeding, which allegations may be controverted by the petitioner, and the issues formed shall be tried by the county court, and either the petitioner for the road or the landowner may appeal from the decision to the circuit court, as in case of an appeal from an assessment of damages under section 6309, Lord's Oregon laws, and in case a landowner shall appeal from an assessment of damages and also from the decision of the county court upon the issues mentioned in this section, said appeals shall be combined." General Laws of Oregon 1919, ch 380.[4]

This section and Lord's Oregon Laws § 6309 were combined in 1953 in former ORS 376.120, which provided:

"(1) Either the petitioner for the road or the landowner may appeal from the decision of the county court upon the issues mentioned in ORS 376.115 to the circuit court within 20 days after the confirmation of the report of the viewers.

"(2) Any person aggrieved by the assessment may appeal to the circuit court within 20 days after the confirmation of the report of the viewers.

---

[4] In 1919 the provision for appeal of the assessment of damages was contained in Lord's Oregon Laws, § 6309.

"(3) In case a landowner appeals from both an assessment of damages and from the decision of the county court upon the issues mentioned in ORS 376.115, the appeals shall be combined."

That statute was revised by Or Laws 1979, ch 862, § 5, and is now ORS 376.175(4), first quoted above.[5]

It is clear, therefore, that after 1919 a landowner could contest any part of the order of the board by appeal to the circuit court. *See Ray v. Davis,* 249 Or 1, 436 P2d 741 (1968); *Braat v. Aylett,* 273 Or 795, 543 P2d 1071 (1975); and *Re Application of Barton,* 111 Or 111, 225 P 322 (1924).

Since 1862, Oregon law has also contained provisions reciting that decisions of the board (or the county court) in the conduct of county business are reviewable only by writ of review. *See* General Laws of Oregon, ch 11, § 875, p 367 (Civ Code) (Deady 1845-1864), which eventually became ORS 203.200 which (until its repeal in 1979 by Or Laws 1979, ch 772, § 17) provided:

"The decisions of the county court made in the transaction of county business shall be reviewed only upon the writ of review provided by the civil procedure statutes."

In 1981, the legislature enacted ORS 203.113, which provides that decisions of a county court made in the transaction of county business are reviewable only as provided in ORS 34.010 to 34.100 and not otherwise.

Consequently, Oregon law has long contained provisions for appeal of decisions of the board establishing ways of necessity at the same time as it has contained provisions providing for review of decisions of the board in the transaction of county business only by writ of review.

We need not decide whether a writ of review is available to review a decision of a board respecting a way of necessity or the scope of such review.[6] *See Strawberry Hill 4 Wheelers v. Benton Co. Bd. of Comm.,* 287 Or 591, 601 P2d 769 (1979). The legislature has, for over 100 years, given separate treatment to proceedings respecting ways of

---

[5] The time for appeal to the circuit court was also changed from 20 days following confirmation of the report of the viewers to 30 days following entry of the Board's order.

necessity. Other county decisions respecting county roads have been made under different provisions of the Oregon code. *See* ORS ch 368. In 1981 the legislature repealed ORS 368.565, which had existed in substantially unchanged form since 1862 and which provided for appeal to the circuit court of damage questions arising out of the establishment or alteration of county roads. Or Laws 1981, ch 153, § 79. Review of those decisions is now by writ of review only. When making those changes, in 1981, the legislature left unchanged the provisions in ORS chapter 376 covering ways of necessity, including the provisions of ORS 376.175(4), allowing appeals to the circuit court.

We conclude, therefore, that the legislature did not intend that proceedings of the board respectings ways of necessity must be reviewed by writ of review under ORS chapter 34. We hold that, as provided in ORS 376.175(4), any part of the report of the board in a proceeding to establish and locate a way of necessity may be appealed to the circuit court. The court below erred in dismissing the appeal.

Reversed and remanded.

---

[6] The scope of review under a writ of review was amended in 1965 and again in 1973, so that under a writ of review the decisions of the board can be overturned if its findings are not supported by substantial evidence. ORS 34.040 now provides that the writ of review shall be allowed in all cases where the tribunal in the exercise

"* * * of judicial or quasi-judicial functions appears to have:

"(1) Exceeded its jurisdiction;

"(2) Failed to follow the procedure applicable to the matter before it;

"(3) Made a finding or order not supported by substantial evidence in the whole record;

"(4) Improperly construed the applicable law; or

"(5) Rendered a decision that is unconstitutional,

to the injury of some substantial interest of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ."

The statute covering the writ of review as first enacted in 1862 provided that "[t]he writ shall be allowed in all cases where there is no appeal or other plain, speedy, and adequate remedy * * *." Hill's Annotated Laws of Oregon 1887, § 585. The amendment of the statute in 1889 made the availability of the writ expressly concurrent with the right of appeal. Laws of Oregon 1889, § 1, pp 134-35.